**UNITED STATES of America, Plaintiff–Appellant,**

v.

**David A. PATTERSON, Defendant–Appellee.**

**No. 94–4056.**

United States Court of Appeals, Tenth Circuit.

Nov. 17, 1994.

---

Richard G. MacDougall, Asst. U.S. Atty., Salt Lake City, UT (Scott M. Matheson, Jr., U.S. Atty. and Mark K. Vincent, Sp. Asst. U.S. Atty., with him on the brief), for plaintiff-appellant, the U.S.

Kenneth R. Brown, Salt Lake City, UT, for defendant-appellee, David A. Patterson.

Before HENRY, Circuit Judge, LOGAN, Senior Circuit Judge, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

The government contends the district court abused its discretion when it granted a new trial to the defendant-appellee David A. Patterson. We affirm.

David A. Patterson was charged and convicted after a one-day jury trial with possession of a firearm and ammunition, having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).[1] During jury selection, Patterson's counsel informed the district court and potential jurors that the defense might present Patterson's brother, Carl Patterson, and his wife, Debbie Patterson, as witnesses on his behalf. At trial, when it became time for Patterson to present his case, Carl Patterson was called to testify, but he could not be found. The district court granted a short recess to allow counsel to locate Carl Patterson, but again, he could not be found. Outside the presence of the jury, defendant's counsel reported that Carl had been present at court that morning and intended to testify, and counsel requested the court to continue the case until the witness could be found. The government objected to a continuance unless Patterson could demonstrate that the brother was under subpoena and was required to be present for trial. The district court denied the motion to continue, and the trial went on with Debbie Patterson testifying that she had gone with Carl to purchase the 30/30 rifle in question, and that each put up $100 towards the purchase of the gun. Debbie stated that she took possession of the rifle until Carl could "buy out" her $100 interest, and that she took the firearm to the Patterson residence and placed it in the master bedroom shared by her and David Patterson. She further testified that the pants found in that bedroom belonged to Carl Patterson who had changed from his short pants to a pair of long pants when he left the Patterson residence about 2:00 a.m..

Following the testimony, the jury returned a guilty verdict against David Patterson, who then filed a motion for a new trial together with an affidavit from his brother Carl. Carl stated that he had left the courthouse at lunchtime to go on a personal errand, his truck broke down in Draper, Utah, and he was unable to contact anyone until approximately 5:30 p.m., when he discovered that his brother David had been convicted. In his affidavit, Carl stated that he would have

---

* The Honorable Wesley E. Brown, United States District Senior Judge for the District of Kansas, sitting by designation.

1. A second count involving the possession of the firearm by one using a controlled substance, in violation of 18 U.S.C. § 922(g)(3)) was dismissed prior to trial.

testified that he and Debbie had purchased the rifle together, each paying $100, that she retained possession of it until he could buy out her $100 investment; that Debbie placed the rifle in the Patterson's bedroom, and that the shorts found in that bedroom belonged to him, being left there when he changed clothes upon leaving the Patterson residence.

Following a hearing on the motion, the trial court granted a new trial finding that the absence of Carl could have been prejudicial to defendant because the jury had been told, and was anticipating the testimony of Carl Patterson, and the fact that he did not testify could have created an inference that his testimony would not have been favorable to the defense. In this respect, the court accepted Carl's excuse, giving him the benefit of the doubt, with a finding that Carl may not have been able to find a telephone to call in the news of his breakdown until it was too late. In so ruling, the court specifically found "that in the interest of justice the defendant should be granted a new trial."

In this case, the government has taken the unusual step of appealing a ruling of the court granting a new trial, claiming that the court abused its discretion "by arbitrarily ruling that Patterson could have been prejudiced by the district court's denial of Patterson's motion to continue during trial." The government appears to contend that the trial court could not sustain the motion for new trial since the court did not make any finding that the initial denial of a continuance was an "abuse of discretion."

■ The government should be aware that a trial judge is not obliged to review his past trial rulings and make an independent judgment that he himself has "abused his discretion" before granting a new trial. The power of the trial court to do so is found in Rule 33, Fed.R.Criminal Procedure, which provides in pertinent part that:

> The court on motion of a defendant may grant a new trial to the defendant *if required in the interest of justice.* (Emphasis supplied)

2. The trial court specifically found "we have a situation which could be prejudicial to this defendant. The thing that bothers me about it is the jury was clearly anticipating (Carl's) testimo-

■ In this instance, the trial judge made a specific finding that in the interest of justice, the defendant should have a new trial, and that finding is fully supported by the record. The jury clearly expected to hear testimony from Carl Patterson, and his failure to testify created a situation which could be prejudicial to the defendant.[2] In the voir dire of the jury, defendant's counsel introduced himself in this manner:

> ... My name is Ken Brown. I practice law here in Salt Lake, Utah. My client, David Patterson, is seated by my counsel table here, and other persons that you may hear from would be his brother, Carl Patterson, and his wife, Debbie Patterson. They are out in the hall.

> THE COURT: Thank you. Does anybody here know Mr. Brown or the defendant Mr. Patterson, or the other witnesses that have been named. If you do have any knowledge or belief that you know or have had anything to do with these people, raise your hand.

> All right, I see no hands raised.

In his opening statement to the jury, defense counsel again referred to the testimony of Carl Patterson: (Vol. III Record, Transcript p. 8):

> ... the interesting question for you folks to determine beyond a reasonable doubt in this case is whether or not (defendant) knowingly possessed the firearm and the ammunition, and we'll want to look very carefully in that endeavor at a lot of factors ... *we'll want to hear from the person who actually has some firsthand knowledge regarding this gun. Carl Patterson, he'll tell you about the gun directly under oath.* (Emphasis supplied)

■ The decision to grant or deny a motion for new trial rests within the trial court's discretion and this court will not reverse the district court's ruling in this case since there was no abuse of discretion. See *U.S. v. Natanel* (1st Cir.1991) 938 F.2d 302, 313, *cert. den.* ── U.S. ──, 112 S.Ct. 986, 117

ny and the fact that he didn't show created an inference that he wouldn't have been of any help and that his testimony would not have been significant." (Transcript of 2/7/94, p. 14).

# 580

L.Ed.2d 148 (1992) (decision on motion for new trial will not be overturned except for "a manifest abuse of discretion"); *U.S. v. Seago* (6th Cir.1991) 930 F.2d 482, 488 (ruling on motion for new trial will not be reversed absent a "clear abuse of discretion").[3] Accordingly, the order granting new trial is AFFIRMED.

---

**3.** The usual situation which appears in an appellate court is where the trial court has denied a motion for new trial, and the defendant, not the government, appeals that ruling. This court has many times ruled that the denial of a new trial will not be reversed, absent a clear showing of abuse of discretion. See *United States v. Lopez* (10th Cir.1978) 576 F.2d 840, 846; *United States v. Maestas* (10th Cir.1975) 523 F.2d 316.