**UNITED STATES of America, Plaintiff,**

v.

**Chad A. STROBLE, Defendant.**

**Civil Action No. 97–20003–01.**

United States District Court, D. Kansas.

April 24, 1997.

William F. Dunn, Wilkes & Dunn, Edwardsville, KS, for Defendant.

Kurt J. Shernuk, Office of United States Attorney, Kansas City, KS, for Plaintiff.

## *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This case is before the court on defendant's motion for a new trial (Doc. 29), pursuant to Fed.R.Crim.P. 33. The government has responded in opposition to the motion. For the reasons set forth below, the motion is denied.

On January 21, 1997, defendant Chad A. Stroble was indicted on a single count of unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant's trial commenced March 24, 1997, and the following day, a jury returned a verdict of guilty. Defendant now contends that he is entitled to a new trial.

### I. Standards

Fed.R.Crim.P. 33 provides that the court "may grant a new trial to th[e] defendant if required in the interest of justice." Additionally, any error that would require reversal on appeal is a sufficient basis for granting a new trial. 3 Charles A. Wright, *Federal Practice and Procedure: Criminal* § 556 (2d ed.1982). Although the decision to grant or deny a motion for new trial rests within the court's sound discretion, *United States v. Patterson*, 41 F.3d 577, 579 (10th Cir.1994), such motions are regarded with disfavor and are to be granted only with great caution. *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir.1987). The burden is on the defendant to demonstrate that a new trial should be granted. 3 Charles A. Wright, *Federal Practice and Procedure: Criminal* § 551 (2d ed.1982).

### II. Discussion

Defendant claims that the court committed prejudicial error by refusing to admit the transcript testimony of Nancy Carley (a/k/a Nancy Ross)—defendant's former girlfriend and a passenger in the vehicle defendant was driving at the time of his arrest. Carley, who invoked her Fifth Amendment privilege against testifying at defendant's trial, had given testimony previously at a preliminary hearing in Wyandotte County District Court in which she stated that she alone was in possession of the controverted firearm. The court, relying on Fed.R.Evid. 804(b)(3), declined to admit the transcript of that testimony on the grounds that no evidence had been presented showing corroborating circumstances clearly indicating the trustworthiness of the statement.

Fed.R.Evid. 804(b)(3) provides that if a declarant is unavailable as a witness, his or her statements still may be admissible despite the hearsay rules if the statements were made against the declarant's interest. A defendant seeking to introduce such statements under Rule 804(b)(3) for the purpose of exculpating himself must show: (1) an unavailable declarant; (2) a statement against penal interest; and (3) sufficient corroboration to indicate the trustworthiness of the statements.[1] *United States v. Spring*, 80 F.3d 1450, 1460–61 (10th Cir.1996) (citing *United States v. Porter*, 881 F.2d 878, 882 (10th Cir.1989)). The corroborating circumstances must *"clearly indicate"* the statement's trustworthiness. *See* Fed.R.Evid. 804(b)(3).

The government concedes that Carley was an unavailable witness and that her statement regarding possession of the firearm was against her penal interest. The government insists, however, that there is insufficient corroboration of her statement's trustworthiness. "The determination of the sufficiency of such corroborating evidence 'lies within the sound discretion of the trial court, which is aptly situated to weigh the reliability of the circumstances surrounding the declaration.'" *Spring*, 80 F.3d at 1461 (citing *Porter*, 881 F.2d at 883)(further citations omitted).

Defendant suggests that Carley's statement has sufficient indicia of reliability based

1. Fed.R.Evid. 804(b)(3) states:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

on the fact that (1) the firearm at issue in this case was discovered in a case on Carley's lap; (2) Carley was charged in Wyandotte County District Court with being a felon in possession of a firearm; and (3) Carley's testimony, given under oath in Wyandotte County District Court, is consistent with defendant's testimony at trial. In response, the government points out that the Wyandotte County District Attorney's Office subsequently charged Carley with perjury based on her testimony at the preliminary hearing. The government notes that not only was Carley's statement at the preliminary hearing in direct conflict with Officer Daniel's account of the events, it was diametrically opposite to what she told police officers at the time of her arrest.

"The requirement of corroboration should be construed in such a manner as to effectuate its purpose of circumventing fabrication." Fed.R.Evid. 804(b)(3) advisory committee's note. Carley's pending perjury prosecution creates a strong inference that her preliminary hearing testimony in Wyandotte County is not clearly trustworthy. Accordingly, the court finds that it properly excluded Carley's statements at defendant's trial.

■ The court also observes that even if it improperly refused to admit Carley's testimony, the error would not entitle defendant to a new trial. As the government correctly notes, "[t]he fact that [Carley] was present and possessed the gun at the time the police officer stopped the vehicle does not exculpate the defendant from being in possession of the firearm prior to the vehicle being stopped." (Pl.'s Resp. at 3–4). Officer Daniels testified, and the jury believed, that he saw the driver of the vehicle (whom it is uncontroverted was the defendant) holding and firing a gun outside the driver-seat window. The evidence of these pre-stop acts are more than sufficient to sustain defendant's conviction.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for a new trial (Doc. 29) is denied.

**IT IS SO ORDERED.**