**UNITED STATES of America, Plaintiff,**

v.

**Orvin Lynn MIXON, Defendant.**

No. 96–40065–01–RDR.

United States District Court,
D. Kansas.

Sept. 24, 1997.

David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Orvin Lynn Mixon.

Randy M. Hendershot, Office of U.S. Atty., Topeka, KS, for U.S.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendant's motion for new trial and renewed motion for judgment of acquittal. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

On June 11, 1997, the defendant was found guilty by a jury of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). In his renewed motion for judgment of acquittal, defendant argues that there was insufficient evidence presented at trial to sustain his conviction. In his motion for new trial, defendant asserts that the court erred in allowing certain evidence under Fed.R.Evid. 404(b).

RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

The court considers the sufficiency of the evidence in the light most favorable to the jury's verdict, and determines whether any rational trier of fact could have found, from the direct and circumstantial evidence presented to it, together with the reasonable inferences therefrom, the essential elements of the crime beyond a reasonable doubt. *United States v. Mitchell*, 113 F.3d 1528, 1530 (10th Cir.1997). The evidence must do more than raise a mere suspicion, but it need not conclusively exclude all other reasonable possibilities. *United States v. Johnson*, 42 F.3d 1312, 1319 (10th Cir.1994), *cert. denied*, 514 U.S. 1055, 115 S.Ct. 1439, 131 L.Ed.2d 318 (1995). In order to sustain a conviction for possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove that the defendant (1) possessed a controlled substance; (2) knew he possessed a controlled substance; and (3) intended to distribute the controlled substance. *United States v. Mains*, 33 F.3d 1222, 1228 (10th Cir.1994).

The evidence at trial, when viewed in the light most favorable to the government, showed the following. On March 11, 1996, the defendant drove his girlfriend's car to the Midas Muffler Shop in Salina, Kansas to have some repair work done. Francisco Rodriguez was a passenger in the car. The defendant and his passenger had food items and drinks from Sonic Drive–In when they arrived at Midas Muffler. The car was pulled into the service area and employees of the shop began to work on it. The type of service that was being performed was under warranty, so Mark Taddiken, the manager of the shop, searched in the glove compartment for the warranty documentation. Upon opening the glove compartment, he discovered a large roll of money in a plastic sandwich bag. He was "suspicious" about the money, and he called the Salina Police Department to report what he had found. He was told they would investigate.

The police arrived shortly and talked with the defendant and his passenger. The defendant was asked for consent to search the car. He agreed and the officers found the money in the glove compartment. The roll of money contained denominations of 20's, 50's and 100's, and amounted to $2,470.00. The amount of money, the denominations of the money, and the fact that it was contained in a plastic sandwich bag, were all consistent with drug activity. The defendant denied that the money belonged to him. The owner of the car was then telephoned and asked if the money belonged to her. She denied that it was hers. The money was then confiscated.

After the officers had talked with the defendant and Rodriguez for a few minutes, Taddiken came outside and stood with the defendant and one of the officers. The defendant handed Taddiken a styrofoam cup from Sonic Drive–In and told him to throw it away. Taddiken placed the cup into a trash can in the shop. The defendant and Rodriguez later left.

On the morning of March 12, 1996, Taddiken received a telephone call from an anonymous female. The caller told him to look in the Sonic cup and that someone had been digging through his trash. Taddiken looked in the trash can where he had placed the cup

and found that it was still there. He retrieved the cup and called the police. Crack cocaine was discovered in the cup. Taddiken also observed the area around his trash dumpster and determined that it looked as if someone had been rummaging through the garbage because trash was strewn around the dumpster.

At trial, the owner of the car denied that the money found in her car on March 11, 1996 belonged to her. Rodriguez, the passenger in the car, denied that either the money or the crack cocaine belonged to him. Rodriguez also testified that after the defendant's arrest he received a phone call from the defendant in which the defendant told him that he should claim that the crack cocaine was his because he is a juvenile.

The defendant contends that the government failed to introduce sufficient evidence to establish each element of the charged offense beyond a reasonable doubt. The defendant focuses, however, on the issue of whether there was sufficient evidence of the defendant's knowledge of the contents of the cup. This issue was the key issue in this case, and we shall focus on it as well.

A careful review of the evidence reveals that the evidence was sufficient for a rational jury to find beyond a reasonable doubt that the defendant knew crack cocaine was in the cup. Circumstantial evidence may be sufficient for a rational jury to infer knowledge. Here, the defendant held the cup containing the crack cocaine and gave it to the manager of the Midas Muffler shop to be thrown away. In other contexts, courts have determined that knowledge can be inferred from the defendant's possession of an object that contains controlled substances. *See, e.g., United States v. Quintero–Barraza,* 78 F.3d 1344, 1351 (9th Cir.1995) ("[K]nowledge may be reasonably inferred where the defendant drives a car 'laden' with illegal substances."), *cert. denied,* — U.S. —, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996). There was other circumstantial evidence that tended to show knowledge, including: (1) $2470.00 found in the glove compartment of car that defendant was driving; (2) expert testimony that the money was packaged in a way consistent with drug activity; (3) no one other than the defendant was seen with the cup containing the crack cocaine; (4) the

trash dumpster at Midas Muffler was searched by someone on the night of March 11, 1996; (5) testimony by Rodriguez that neither the money nor the crack cocaine belonged to him; and (6) testimony by Rodriguez that Mixon sought to have him take the rap for the crack cocaine. "Although it is possible to hypothesize from circumstantial evidence that another individual may have possessed the cocaine . . ., the evidence required to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Parrish,* 925 F.2d 1293, 1297 (10th Cir.1991). In sum, the jury could have reasonably inferred that the defendant knowingly possessed the crack cocaine. We also find sufficient evidence of the other elements to support the defendant's conviction. Accordingly, defendant's renewed motion for judgment of acquittal shall be denied.

MOTION FOR NEW TRIAL

Prior to trial, the defendant filed a motion in limine concerning the following evidence: (1) testimony by Captain Mike Marshal of the Salina Police Department about a prior conviction of the defendant involving crack cocaine; and (2) testimony of Melissa Dawn about certain visitors to her trailer that she shared with the defendant. The defendant argued that the testimony of Capt. Marshall was not admissible under Fed.R.Evid. 404(b) or 609. The defendant argued that the testimony of Ms. Dawn was not admissible because it was irrelevant and not based on her personal knowledge. The court overruled the defendant's motion and allowed this evidence to be presented at trial.

In this motion, the defendant contends that the court erred in allowing the aforementioned testimony. The defendant suggests that the testimony of Capt. Marshall should not have been allowed because he was not personally involved in the prior case. The defendant further argues that the evidence of the prior conviction should not have been admitted under Rule 404(b) because none of the stated purposes are applicable here. The defendant contends that the testimony of Ms. Dawn should not have been allowed because it was not proper under Rule 404(b), and it

was not relevant or probative of the defendant's knowledge of crack cocaine or his intent to distribute it. The defendant also argues that the government failed to produce expert testimony that would make Ms. Dawn's testimony relevant.

 A court may grant the defendant a new trial "if required in the interest of justice." Fed.R.Crim.P. 33. For purposes of this case, the relevant rule is that a new trial should be granted upon "[a]ny error of sufficient magnitude to require reversal on appeal." 3 Charles Alan Wright, *Federal Practice and Procedure: Criminal 2d* § 556, p. 306 (1982). Although the decision to grant or deny a motion for new trial rests within the court's sound discretion, *United States v. Patterson*, 41 F.3d 577, 579 (10th Cir.1994), such motions are regarded with disfavor and are to be granted only with great caution. *United States v. Chatman*, 994 F.2d 1510, 1518 (10th Cir.), *cert. denied*, 510 U.S. 883, 114 S.Ct. 230, 126 L.Ed.2d 185 (1993).

 Capt. Marshall testified concerning the defendant's conviction for possession of crack cocaine in 1993. He testified that he was actively involved in the investigation that led to that conviction. He further testified that the crack cocaine in that case was in packaging similar to that found in this case. Upon cross-examination, he indicated initially that he thought he had seen the crack cocaine in its packaging in the 1993 case, but he later admitted that he was unsure about whether he had seen the packaging due to the length of time since that case and the number of cases he had handled since that time. He indicated that he was testifying from affidavits that were submitted in that case.

Ms. Dawn testified that she lived in the same trailer as the defendant from December 1995 to March 1996. She stated that on March 11, 1996, after hearing about the incident at Midas Muffler, she went to the Salina Police Department to provide them with some information because she was concerned about what the police might do in response to the events at Midas Muffler. She was on probation and she was concerned that the police might search her trailer. She told the police that she had kicked the defendant out of the trailer on the prior day. She further indicated that while she lived in the trailer with the defendant, people came to the trailer, met with the defendant in his bedroom for a short period, and then left.

The defendant initially contends that the court erred in allowing the aforementioned testimony because it was not proper Rule 404(b) evidence. Under Rule 404(b), courts may not admit evidence of "other crimes, wrongs or acts ... to prove the character of a person in order to show action in conformity therewith." However, such evidence is admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

 To determine if admission under Rule 404(b) is proper, the following four-part test is applied: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its prejudicial value; and (4) a limiting instruction should be given upon request. *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988); *United States v. Rackstraw*, 7 F.3d 1476, 1479 (10th Cir.1993). The government must precisely articulate a proper purpose for the evidence, and the trial court must specifically identify the proper purpose for which it is admitted. *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985), *cert. denied*, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986).

The Tenth Circuit has repeatedly held that "the use of prior drug involvement to show plan, motive or intent in a drug trafficking offense is appropriate." *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir.1992); *see also United States v. Record*, 873 F.2d 1363, 1375 (10th Cir.1989); *United States v. Mora*, 845 F.2d 233, 237 (10th Cir.), *cert. denied*, 488 U.S. 995, 109 S.Ct. 562, 102 L.Ed.2d 587 (1988). The Tenth Circuit has "long recognized the admissibility of previous wrongs and crimes in the context of narcotics violations, especially when the prior activity was close in time, highly probative, and similar to the activity with which the defendant is charged." *United States v. McKinnell*, 888 F.2d 669, 676 (10th Cir.1989).

The court evaluated the testimony of Capt. Marshall and Ms. Dawn under the requirements of *Huddleston*. The court found that the requirements of *Huddleston* had been met and that the government articulated a proper purpose for the use of this evidence. The court is not persuaded that any error was made in those determinations. The court finds no merit to the defendant's arguments concerning the propriety of this evidence under Rule 404(b).

The defendant also contends that the court erred in allowing the testimony of Capt. Marshall concerning the packaging of the crack cocaine in the 1993 case because it was not based on personal knowledge as required by Rule 602. Rule 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." "Although Rule 602 provides that a witness's testimony must be based on personal knowledge, it 'does not require that the witness' knowledge be positive or rise to the level of absolute certainty. Evidence is inadmissible ... only if in the proper exercise of the trial court's discretion it finds that the witness could not have actually perceived or observed that which he testifies to.'" *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir.1997) (quoting *M.B.A.F.B. Federal Credit Union v. Cumis Insurance Society, Inc.*, 681 F.2d 930, 932 (4th Cir.1982)).

The court is convinced that Capt. Marshall had sufficient knowledge of the prior case to allow his testimony on the packaging of the crack cocaine. The evidence was clear that he could have seen the packages of crack cocaine from the 1993 case, but that he was unsure due to the passage of time and his workload in the drug area. The lack of certainty about an observation is a matter to be argued to the jury rather than a reason for excluding the evidence. The court finds no error in the decision to admit this testimony.

Finally, the defendant argues that the court erred in allowing the testimony of Ms. Dawn because (1) she failed to testify in accordance with the proffer offered by the government prior to trial, and (2) the government failed to provide the necessary expert testimony to make Ms. Dawn's testimony about the traffic at her trailer relevant.

A review of Ms. Dawn's testimony at trial reveals that she did testify as represented by the government prior to trial. The testimony was not entirely clear, and she muddied it with some extraneous comments, but she did agree that on March 11, 1996 she told the police about the traffic at her house caused by the activities of the defendant.

The court also finds that the government produced the necessary expert testimony to make Ms. Dawn's testimony relevant and probative. The government provided expert testimony through Deputy Sheriff Jim Hughes and Capt. Marshall that the activity related by Ms. Dawn at her trailer was consistent with the sale of crack cocaine. The arguments raised by the defendant appear to address the weight to be given this evidence rather than its admissibility.

In sum, the court finds no basis for a new trial here. The court is convinced that the defendant received a fair trial. Accordingly, defendant's motion for new trial shall be denied.

**IT IS THEREFORE ORDERED** that defendant's renewed motion for judgment of acquittal (Doc. # 70) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for new trial (Doc. # 71) be hereby denied.

**IT IS SO ORDERED.**