SEYMOUR, Chief Judge,
dissenting.
Ms. Quintanilla filed her Rule 33 motion within seven days, requesting a new trial in the interests of justice. I am thus unable to agree with the majority’s determination to resolve the first issue presented on appeal only under the newly discovered evidence standard. Because I would assess the trial court’s ruling on the basis of different legal principles and reach a different result, I must respectfully dissent.
As an initial matter, I cannot agree with the majority’s general statement that motions for new trial are regarded with disfavor. As one authority has pointed out,
[t]he trial court has broad powers to grant a new trial if for any reason it concludes that the trial has resulted in a miscarriage of justice. It is said that these motions are not favored, and that new trials are to be granted with caution. There is substantial authority supporting this proposition if the new trial is sought on the ground of newly discovered evidence, but it seems a mistake to extend this proposition to motions for a new trial because of trial errors or other similar grounds. Here the motion should be neither favored nor disfavored, and the question is only what the .interest of justice requires.
3 CHARLES A. WRIGHT, FEDERAL PRACTICE & Procedure § 551 (2ed.1982) (footnote omitted). The case the majority cites for its proposition is in fact one dealing with a request for new trial on the basis of newly discovered evidence.
*1150 Moreover, I am unable to agree with the majority’s opinion that defendant’s initial new trial motion was based solely on the ground of newly discovered evidence and not on the district court’s failure to grant a continuance. The initial motion was filed within seven days after the verdict, thus allowing defendant to seek a new trial in the “interests of justice.” See Fed.R.CrimP. 83. Fairly construed, I believe the substance of that motion was the harm resulting from the court’s failure to grant a continuance. In her motion, defendant pointed out she was unable to call Viveros as a witness because he was unavailable to testify due to his invocation of the Fifth Amendment.[1] That situation was due, of course, to the court’s denial of defendant’s motion for a continuance. Defendant recited in the motion the government’s evidence linking her to the stash house, pointed out the government’s reliance on this evidence at trial, noted the substance of Viveros’ purported exculpatory testimony, and asserted that his testimony was necessary to afford her a fair trial. Although the motion recited the standards governing a new trial sought on the basis of newly discovered evidence, it is clear that the basis of the motion was defendant’s claim that her harm resulted from the unavailability of Viveros’ testimony at her trial, which she asserted “would be powerful evidence of innocence affecting a criminal defendant’s constitutional right to a fair trial and to protect against a miscarriage of justice.” Motion for New Trial, rec., vol. II, doc. 185 at 8.
Indeed, defendant’s argument in support of her new trial motion mirrors ground II of her motion for a continuance, in which she set out the substance of Viveros’ alleged exculpatory testimony and sought a continuance because she would be unable to call him as a witness if she were tried first due to his invocation of his Fifth Amendment rights. See Motion for Continuance, rec., vol. II, doc. 164 at 4-6. As in her new trial motion, she argued that her right to a fair trial required providing her the opportunity to present Viveros’ testimony. She cited several of the same cases in her new trial motion that she had relied on in her motion for a continuance. Compare Motion for Continuance at 4-6 with Motion for New Trial at 1-3.
It is also clear that, in granting defendant’s motion for a new trial, the trial court understood defendant to be asserting error in the denial of a continuance. The court recognized that a new trial could be granted in the interest of justice if the motion were filed within seven days even if the evidence could not be considered newly discovered. See Order Granting New Tidal, rec., vol. II, doc. 239 at 18-20 (citing to United States v. Patterson, 41 F.3d 577 (10th Cir.1994), and United States v. DiBernardo, 880 F.2d 1216, 1223 (11th Cir.1989)). The court explained that defendant’s motion to sever had been granted to allow her to call Viveros as a witness, that not until the middle of trial did the government inform the court that Viveros would not testify until after he had been sentenced,[2] and that had the court known *1151 Viveros would continue to assert his Fifth Amendment privilege until his sentencing, the court would have granted defendant’s motion for continuance. See rec., vol. II, doc. 239 at 21-22. Thus, the court based the grant of a new trial in part on its conclusion that the continuance had been wrongly denied and that defendant’s ability to present her defense' had been prejudiced.
The trial court’s citation to DiBernardo is significant. There, the court addressed circumstances very similar to those present in this case with one important exception, the new trial motion at issue was not filed within seven days of the jury verdict. The trial judge had granted a new trial to correct what he perceived as his own error in denying a severance that would have allowed the defendant to present a code-fendant’s exculpatory testimony. The court ruled that the newly available exculpatory evidence of a codefendant was not newly discovered evidence and that the new trial motion was therefore untimely. Id. at 1223-24. The court nonetheless upheld the grant of the new trial by construing the motion as a petition for relief under 28 U.S.C. § 2255.
We have recognized that newly available exculpatory evidence is not “newly discovered” for purposes of a Rule 33 new trial motion. See United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir.1994). There we said,
If a former codefendant who originally chose not to testify subsequently comes forward and offers testimony exculpating a defendant, the evidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial. See United States v. DiBernardo, 880 F.2d 1216, 1224-25 (11th Cir.1989) (newly available exculpatory testimony of co-defendant not newly discovered because known to defendant before trial).
Accordingly, in United States v. Patterson, 41 F.3d 577 (10th Cir.1994), a case that involved “newly available” evidence, we did not apply the “new evidence” standard to the district court’s grant of new trial motion.[3] In the present case, the trial court’s reliance on Patterson and DiBernardo in its order granting a new trial explains why the court also made clear at the end of the order that it was “unnecessary to discuss Quintanilla’s alternative basis for a new trial based on newly discovered evidence.” Rec., vol. II, doc. 239 at 30.
As the trial court here recognized, the fact that the evidence is not newly discovered is not a jurisdictional bar to granting the motion in the interest of justice when, as here, it is filed within seven days of the verdict. This court has not hesitated to disregard a defendant’s designation of a new trial motion as based on newly discovered evidence and to examine and rule on the actual basis for the court’s grant of a new-trial. See United States v. Miller, 869 F.2d 1418, 1421 (10th Cir.1989). The approach taken in Miller is appropriate here.
Finally, I cannot agree with the majority’s conclusion that none of Viveros’ proposed testimony would have been material to the defense in this case. First, I do not think the circumstances .here are so extraordinary as to warrant our reassessment of a ruling to which the authorities *1152 agree we owe deference. See 3 FedeRAl PRACTICE & PROCEDURE, § 559. We have stated that a trial court’s grant of a new trial will not be disturbed on appeal absent a clear abuse of discretion, pointing out that “the trial judge who presided at the trial of the case and later presided at the hearing on the motion for a new trial, had first-hand knowledge of the entire matter and is in a much better position than we, as an appellate court, to judge the merits of the motion.” United States v. Draper, 762 F.2d 81, 83 (10th Cir.1985). “Appellate deference makes sense. Circuit judges, reading the dry pages of the record, do not experience the tenor of the testimony at trial. The balance of proof is often close and may hinge on personal evaluations of witness demeanor.” United States v. Alston, 974 F.2d 1206, 1212 (9th Cir.1992) (pointing out that until 1984, grants of new trial motions were not even appealable). The majority opinion contradicts the above authority by simply second-guessing the trial court’s assessment of the value of Viveros’ testimony in the context of this trial on the basis of a cold record.
To the extent that we may make an independent assessment of the matter, I disagree with the majority’s evaluation. The trial here turned on defendant’s credibility, bolstered by evidence from her brother about his contacts with Aleman that turned on the brother’s credibility. The government’s attack on defendant’s credibility and its effort to undermine her assertion that she had been duped by Ale-man were baséd on circumstantial evidence tying her to the conspiracy through phone records of little probative value with respect to her, purported inconsistencies in her story, and the evidence tying her to the stash house. The case was obviously a close one for the jury, as the record reflects that deliberations lasted six to seven hours. After arguing that its evidence tied defendant to the stash house and therefore to the conspiracy, the government is hardly in a position on appeal to contend that Viveros’ evidence offering some negation of that connection would have had no value to the defense. As the government so aptly put it at one point during the trial when explaining the relevance of the stash house and its contents to Quintanilla, “This is a conspiracy case, and the coconspirator and named defendant [Viveros] was arrested in this house and living in this house. This is the destination of the lured vehicle. This is what conspiracy is all about.” Rec., vol. VIII at 498. Under these circumstances, we must defer to the trial court’s assessment of Viveros’ credibility and the impact that his testimony would have had on the jury. Viveros was an illegal immigrant who had only been in the United States a few weeks. He insisted throughout that he had been duped into helping out by the people letting him stay temporarily at the Pico Rivera house at the behest of a friend in Mexico. With Viveros’ testimony that he was duped, the jury might have been more inclined to believe defendant’s testimony that she, too, had been duped, and to believe Aleman’s own statement that he had in fact duped defendant. At the very least, Viveros’ testimony might have created for the jury a reasonable doubt as to defendant’s involvement in the conspiracy. The district court would not have granted the motion for new trial had it not had concerns about the outcome of this case. I do not believe the court abused its discretion in determining that the interests of justice supported the new trial. See generally DiBernardo, 880 F.2d 1216.
Accordingly, I would affirm the trial court’s grant of a new trial in the interests of justice on the basis of its failure to grant a continuance and the resulting unavailability of Viveros’ testimony. Having done that, I would not reach the Brady issue.

. The majority criticizes defense counsel for failing to call Viveros as a witness at trial after he entered his plea. In so doing, however, the majority fails to acknowledge the prosecution's successful argument at trial that the defense could not call Viveros because he would invoke his right to remain silent in front of the jury. See rec., vol. VII at 255. "[N]either the prosecution nor the defense may call a witness knowing that the witness will assert his Fifth Amendment privilege against self incrimination.” United States v. Crawford, 707 F.2d 447, 449 (10th Cir.1983). Moreover, it has been the law in this circuit that "Fifth Amendment protection continues during sentencing even when the defendant has pled guilty to a crime.” United States v. Garcia, 78 F.3d 1457, 1463 (10th Cir.1996); see also Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). Counsel for defendant and the court thus cannot be faulted for accepting the government's argument below that Viveros could not be called to invoke his Fifth Amendment rights in front of the jury.

. The Supreme Court recently held that a defendant retains his right to assert his Fifth Amendment privilege to remain silent at sentencing even though he has pled guilty. See Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 1312-14, 143 L.Ed.2d 424 (1999).

. I am also troubled by the majority's discussion distinguishing United States v. Patterson, 41 F.3d 577 (10th Cir.1994). First, as I discuss above, I cannot agree with the majority's assertion that defendant did not raise her continuance argument in her new trial motion. Second, while the prejudice from the lack of a continuance in Patterson resulted from an unfulfilled representation to the jury, that circumstance is not the only one in which the denial of a continuance is prejudicial. DiBernardo is one of several cases in which a new trial was sought on the basis that the trial court issued a ruling that prejudiced a defense because it prevented exculpatory testimony from a codefendant. See e.g., United States v. Wilson, 116 F.3d 1066, 1084-85 (5th Cir.1997); United States v. Ramirez, 954 F.2d 1035, 1037-38 (5th Cir.1992). Finally, I cannot agree with the majority’s conclusion that Viveros' testimony would have been of little value to defendant. In my view, this assertion invades the province of the trial court by reassessing credibility and reweighing the evidence.