**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

WINFRED JAMES GRIGSBY,

Defendant-Appellee.

No. 07-7014

(D.C. No. CR-06-047-RAW)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE** and **LUCERO**, Circuit Judges, and **BRIMMER**,[**] District Judge.

The Defendant, Winfred Grigsby, was convicted of aggravated sexual abuse of a minor in Indian Country, in violation of 18 U.S.C. §§ 1151, 1153, 2241 and 2246(2)(C). Following the conviction, the Defendant filed a motion for a new trial. The district court granted the motion. The United States appeals the district court's order granting the motion for a new trial.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation.

## I.     Background

The Defendant, Winfred Grigsby, was charged in September, 2006, with molesting his grandniece.  The abuse allegedly occurred when the victim spent the night with the Defendant and his grandchildren.  According to testimony presented at trial, the victim told her father the morning following the sleep-over that the Defendant had been "nasty" to her and had touched her in a private part. ROA, Vol. I at 73-74.  The allegations were eventually reported by the victim's mother to a nurse practitioner, who contacted Indian Child Welfare. Approximately two months after receiving a report of the alleged abuse, the Cherokee Nation Marshal Service interviewed the Defendant and obtained a confession.

In its order granting the Defendant a new trial, the district court found that the fairness of the trial had been undermined by the testimony of the Defendant's niece (not the alleged victim in the present case).  The niece testified that the Defendant had sexually abused her on one occasion, twenty years earlier.  The district court explained in its order granting a new trial:

> The motion for new trial centers on the testimony of Capri Blakely. The testimony was admitted pursuant to Rules 413 & 414 F.R.Evid. and involved alleged prior sexual abuse of the witness by the defendant. During cross-examination, evidence of possible perjury about a collateral matter was elicited, and a possible motive to lie about the alleged prior sexual abuse was established.  The Court instructed the jury to disregard the testimony in its totality.

ROA, Vol II at 474-75 (footnote omitted).

-2-

The district court went on to conclude that, in the context of the whole trial, the testimony of Capri Blakely was prejudicial and that the interest of justice required a new trial. The district court also found that the fairness of the trial was undermined by an incorrect statement in the prosecutor's closing argument that the presumption of innocence was gone. The government argues in this appeal that neither the prior abuse testimony nor the prosecutor's misstatement was a valid ground for a new trial.

## II.    Standard of Review

The trial court's decision to grant or deny a motion for a new trial rests in the trial court's discretion. United States v. Patterson, 41 F.3d 577, 579 (10th Cir. 1994). Under this standard, the district court's decision is overturned only if it is arbitrary, capricious, whimsical, or manifestly unreasonable. United States v. v. Austin, 231 F.3d 1278, 1281 (10th Cir. 2000). Thus, we will reverse the court's decision only if we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. Mayhue v. St. Francis Hosp., 969 F.2d 919, 922 (10th Cir. 1992).

Applying the abuse of discretion standard, we conclude the district court's order granting the new trial should be affirmed.

-3-

## III.    Discussion

The trial court concentrated its decision to grant a new trial on the prejudicial impact of Capri Blakely's testimony.  The district court explained that it initially admitted Ms. Blakely's testimony of prior sexual assault under Federal Rules of Evidence 403, 413 and 414.  Federal Rules of Evidence 413 and 414 address propensity evidence in the context of sexual assault and child molestation.  United States v. Benally, 500 F.3d 1085, 1089-90 (10th Cir. 2007).  These rules provide an exception to the general rule codified in Rule 404(a), which prohibits the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts.  Benally, 500 F.3d at 1089-90.  Rule 413 provides, in pertinent part:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

Federal Rule of Evidence 414 contains identical language related to accusations of child molestation and similarly reads, in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

The district court granted a new trial after balancing the probative value of Capri Blakely's testimony under Rules 413 and 414 with the danger of undue prejudice under Federal Rule of Evidence 403.  Even though evidence of a prior

-4-

sexual offense is admissible under Rules 413 and 414, the evidence is still subject to the balancing test of Federal Rule of Evidence 403. Benally, 500 F.3d at 1090; United States v. Velarde, 214 F.3d 1204, 1212 (10th Cir. 2000). Rule 403 permits the court to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see also United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998) ("Rule 403 requires that if the trial court concludes the probative value of the similar crimes evidence is outweighed by the risk of unfair prejudice it must exclude the evidence.").

After Capri Blakely testified, the district court instructed the jury to disregard the testimony in its totality. ROA, Vol. II at 288. After the conclusion of the trial, however, the district court questioned whether the instruction was sufficient to overcome the risk of prejudice her testimony presented. The trial court explained:

> . . . I feel bad because I don't think -- I don't think the jury did anything wrong. They are presumed to follow my instructions. I don't know how to unring the bell from the troubling testimony . . . . And I know he's not entitled to a perfect trial, but I'm not sure he got a fair trial here.

Id. at 460. The trial court ultimately determined that the probative value of Capri Blakely's testimony was outweighed by the risk of unfair prejudice to the Defendant and that a new trial was necessary to correct the erroneous admission

-5-

of her testimony.

The government asserts on appeal that Capri Blakely's testimony of prior abuse was not a valid justification for a new trial because: 1) the jury is presumed to have followed the court's instruction to disregard the testimony, 2) the jury would not have found the testimony credible, and 3) the verdict was strongly supported by the victim's statements and the Defendant's confession. The Court is not persuaded by the government's assertions.

The government's first assertion, that the jury is presumed to have followed the district court's instruction to disregard Blakely's testimony, does not bear on whether the district court properly granted the motion for a new trial. Jurors are presumed to follow instructions to disregard evidence *unless* there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating. United States v. Caballero, 277 F.3d 1235, 1243 (10th Cir. 2002). The district court found that even after its instruction to the jury to disregard Capri Blakely's testimony, the fairness of the trial was still undermined by the initial admission of the prior molestation accusation. The district court was in the best position to evaluate the effect of the offending evidence on the jury and the effect of the court's curative instruction. United States v. Behrens, 689 F.2d 154, 162 (10th Cir. 1982). The government has failed to show that the court's determination was in any way arbitrary, capricious or a gross abuse of discretion.

This Court is also not persuaded by the government's second contention that Capri Blakely's testimony could not have been prejudicial because her credibility was so undermined that the jury would not have believed her accusation. Ms. Blakely testified that when she was eleven years old the Defendant got into her bed and tried to fondle her between the legs and tried to force her to touch his penis. ROA, Vol. I at 251-53. The government insists that her testimony was not credible for various reasons made known to the jury, including that she had two forgery convictions and a motive for fabricating the abuse allegation.

The Court agrees with the government that the defense elicited evidence which could have weakened the testimony of Ms. Blakely in the eyes of the jurors. The difficulty with the government's argument, however, is that the district court was in the unique position of assessing whether the jury could have believed Ms. Blakely's testimony with respect to the prior abuse, even though she may have had reasons to fabricate her accusation. In this unique position, the district court concluded that not only was Ms. Blakely's testimony prejudicial, the court further found that the testimony would have been unfairly prejudicial even absent the serious credibility challenges to her testimony. ROA, Vol. II at 475. We must accord particular deference to the district court's determination:

> . . . we give due deference to the [trial] court's evaluation of the salience and credibility of testimony . . . . We will not challenge that evaluation unless it finds no support in the record, deviates from the

appropriate legal standard, or follows from a plainly implausible, irrational, or erroneous reading of the record.

Tanberg v. Sholtis, 401 F.3d 1151, 1160 (10th Cir. 2005) (citing United States v. Robinson, 39 F.3d 1115, 1116 (10th Cir. 1994)).  The government has not shown that the trial court's findings were irrational or implausible.  We consequently cannot find fault with the district court's assessment that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice and that the prejudicial accusation possibly prompted the verdict.

Finally, this Court is not persuaded by the government's assertion that the verdict was strongly supported by the victim's testimony and the Defendant's confession.  To the contrary, both the confession and the victim's statements are subject to challenge.  The victim's testimony and the victim's statements to the Child Abuse Network were particularly troublesome.  It is apparent that the victim did not distinguish truth from imagination.  During the interview and during the trial, the victim stated that the Defendant had stabbed one of the other children at the Defendant's home the night of the alleged abuse.  ROA, Vol. I at 63-64.  The other child testified, however, that nothing strange happened to her during the night and an investigator testified that the other child had not been stabbed; thus, the victim's statement was not true.  ROA, Vol. II at 315, Vol. I at 192.  There were also strong implications in the victim's responses to initial background questions during her interview with the Child Abuse Network that the

victim was not distinguishing truth from fabrication.  It was not evident whatsoever from the victim's interview or testimony that she recognized the difference between reality and fantasy.  The verdict was consequently not strongly supported by the victim's statements.

As to the government's assertion that the Defendant's confession was strong evidence, the Court also disagrees.  The Defendant's confession was obtained by an investigator with the Cherokee Nation Marshal Service.  The testimony of the investigator raised justifiable concerns as to the integrity of the interrogation.  The investigator admitted that the words and phrases in the confession were his own, and not those of the Defendant.  Id. at 180-84, 216. The investigator's testimony also appeared to contain curious inconsistencies with his prior testimony at the suppression hearing.  The district court understandably expressed concerns as to investigator's credibility.  Id. at 203-04, 247.

The Court finds that the district court rationally considered the evidence presented and appropriately applied the required balancing test under Federal Rule of Evidence 403.  The district court did not abuse its discretion in granting the Defendant a new trial on the basis that Capri Blakely's testimony should not have been admitted into evidence and was extremely devastating.  This Court has ruled many times that the trial judge has broad discretion in deciding whether to grant a new trial, and the court's ruling on such a motion will not be disturbed on appeal unless there is a gross abuse of discretion.  Deters v. Equifax Credit

Information Servs., Inc., 202 F.3d 1262, 1268 (10th Cir. 2000); Capstick v. Allstate Ins. Co., 998 F.2d 810, 819 (10th Cir. 1993); and United States v. Lopez, 576 F.2d 840, 846 (10th Cir. 1978).  The district court's decision to grant the Defendant a new trial was justified and reasonable and well within its discretion.

Because the Court finds that the trial court appropriately granted the Defendant's motion for a new trial based on the unfair prejudice created by Capri Blakely's testimony, it is not necessary to address the government's contention that the prosecutor's improper statement in closing argument was not a valid ground for a new trial.

The Government's Motion to Seal Appendix is GRANTED in accordance with the privacy policy of the Judicial Conference of the United States, http://www.privacy.uscourts.gov/Policy.htm.  The Motion of the United States to Include Non-Record Material in the Addendum to its Reply Brief is DENIED as the material is not necessary to disclose what occurred in the district court.  See Fed. R. App. P. 10(e).

The order granting a new trial is AFFIRMED.

**Entered by the Court:**

**Clarence A. Brimmer**
United States Circuit Judge