NOT DESIGNATED FOR PUBLICATION

No. 116,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY L. BOWEN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Marion District Court; STEVEN L. HORNBAKER, judge. Opinion filed December 29, 2017. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Terry L. Bowen appeals from the district court's denial of his K.S.A. 60-1507 motion in which he alleged ineffective assistance of his trial counsel. We find no error and affirm the judgment of the district court.

*Factual and Procedural Background*

Bowen was convicted of two counts of rape, one count of aggravated criminal sodomy, and one count of aggravated kidnapping. The facts of the case are well known to the parties and need not be reiterated here in detail. The convictions were affirmed on

1

direct appeal by the Kansas Supreme Court. *State v. Bowen*, 299 Kan. 339, 323 P.3d 853 (2014).

The district court granted a pretrial motion by the State to admit evidence of Bowen's prior bad acts, including three prior acts of sexual misconduct with a minor female. The trial court ruled the evidence was admissible under K.S.A. 2013 Supp. 60-455(d) as an exception to the general rule limiting admission of propensity evidence under K.S.A. 2013 Supp. 60-455(a). The court, however, limited the evidence to proof through journal entries or stipulations. The parties eventually stipulated to having the court provide the jury with specific language regarding the convictions at the time the State wished to introduce the evidence. Bowen objected to the proposed evidence both during the motion hearing and during the trial and challenged the admission on direct appeal.

In affirming Bowen's convictions, the Supreme Court first noted: "Bowen's claim that K.S.A. 2013 Supp. 60-455(d) is subject to the limitation on admission of propensity evidence in subsection (a) has been expressly rejected." *Bowen*, 299 Kan. at 349 (citing *State v. Remmert*, 298 Kan. 621, 627-28, 316 P.3d 154 [2014]). After further discussion, the Supreme Court held: "[T]he district court did not abuse its discretion in concluding the evidence's probative value outweighed the potential for undue prejudice." *Bowen*, 299 Kan. at 351. The court, however, declined to address Bowen's argument that K.S.A. 60-447 precluded admission of the prior acts because Bowen had not made a contemporaneous objection specifically asserting K.S.A. 60-447 in the trial court. 299 Kan. at 351.

Bowen then filed a K.S.A. 60-1507 motion which, after he was appointed counsel, was amended to claim that trial counsel was ineffective because he failed to raise a timely objection to the improper use of character evidence under K.S.A. 60-447. (Bowen also

raised other issues in his original motion which were summarily denied by the district court and which were not renewed in this appeal.)

The district court conducted an evidentiary hearing on the amended 60-1507 motion at which Bowen presented his trial counsel, David Harger, as his witness. Harger testified that he objected to the introduction of Bowen's prior bad acts under K.S.A. 2013 Supp. 60-455 and acknowledged he did not object under K.S.A. 60-447 because "the scope of the inquiry was primarily related to a recent amendment to 60-455." Harger testified that he managed to limit the State's evidence to journal entries of convictions, prevented the State from calling prior victims to testify, and limited presentation of additional documents pertaining to the prior allegations. He further opined that he did not believe further objection would have made a difference in the outcome of the appeal because "the evidence was already deemed admissible [and] protective measures that would [have] addressed the issues in 447 had already been taken by the court." Harger noted the evidence "was introduced without fanfare or discussion, by stipulation[, a]nd then it was referenced . . . in closing arguments for a grand total of about a minute."

The district court denied Bowen's claim of ineffective assistance of counsel, reasoning that trial counsel's "failure to explicitly cite K.S.A. 60-447 in objecting to the prior crime evidence was objectively reasonable and that it had no impact upon the outcome of . . . Bowen's trial or direct appeal." The district court noted that the Legislature did not intend for K.S.A. 2013 Supp. 60-455(d) to be subject to K.S.A. 60-447, so there was no reason for counsel to have objected on this basis.

Bowen timely appealed the denial of his 60-1507 motion.

*Effective Assistance of Trial Counsel*

Bowen appeals the district court's denial of his K.S.A. 60-1507 motion for relief based on ineffective assistance of counsel. He asserts his trial counsel's performance was so deficient that he was denied a fair trial. He claims his trial counsel prejudiced his case by failing to object to the State using his prior sex crimes as character evidence under K.S.A. 60-447. He further asserts that but for this prejudice the jury would have come to a different conclusion.

The State argues propensity evidence allowed into evidence under K.S.A. 2013 Supp. 60-455(d) is not subject to exclusion by K.S.A. 60-447 and, therefore, Bowen's counsel's failure to object was reasonable and not deficient.

A claim alleging ineffective assistance of counsel based on deficient performance presents mixed questions of fact and law. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015). When such claims are brought under K.S.A. 60-1507 and the district court conducts a full evidentiary hearing, as is the case here, this court reviews the district court's factual findings for substantial competent evidence and determines whether the factual findings support the court's legal conclusions. 303 Kan. at 485. This court applies a de novo standard to the district court's conclusions of law. 303 Kan. at 485.

The criminal defendant has the burden to establish that counsel was ineffective. *State v. Jackson*, 255 Kan. 455, 463, 874 P.2d 1138 (1994). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

In determining whether counsel's performance was deficient, the movant must show:

> "'[C]ounsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Betancourt*, 301 Kan. 282, 306, 342 P.3d 916 (2015) (quoting *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 [1985]).

Bowen's argument hinges solely on the question of whether the admission of evidence under K.S.A. 2013 Supp. 60-455(d) is subject to the restriction on admissibility of character evidence under K.S.A. 60-447.

In *State v. Prine*, 287 Kan. 713, 737, 200 P.3d 1 (2009) (*Prine I*), the Kansas Supreme Court observed that "evidence of prior sexual abuse of children is peculiarly susceptible to characterization as propensity evidence forbidden under K.S.A. 60-455." Further noting the great probative value of such evidence, the Court invited the Legislature to adopt a rule that would allow prior acts of sexual misconduct to be used for the propensity purpose in criminal cases. 287 Kan. at 737.

The Legislature responded to the invitation by adopting K.S.A. 2009 Supp. 60-455(d). In *State v. Prine*, 297 Kan. 460, 475-79, 303 P.3d 662 (2013) (*Prine II*), the Supreme Court held that the Legislature intended to except the new K.S.A. 2009 Supp. 60-455(d) from any requirements of K.S.A. 2009 Supp. 60-455(a). K.S.A. 2009 Supp. 60-455(d) was thus determined to be an independent exception to the propensity rule.

When we are called upon to interpret a statute, we must first look at the plain meaning of the statute and give the Legislature's intent effect if it can be so derived from the language. *Prine II*, 297 Kan. at 474. In enacting K.S.A. 2013 Supp. 60-455(d), the Legislature demonstrated it knew how to reference an exception when it wanted to do so. K.S.A. 2013 Supp. 60-455(d) was not made subject to either K.S.A. 60-455(a) or to K.S.A. 60-447; the only exception that the Legislature decided to list was K.S.A. 2013 Supp. 60-445, which provides that the judge may exclude the evidence upon a finding that "its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered." In the absence of any other exceptions, a plain reading of the statute clearly means that the Legislature did not intend to make K.S.A. 60-447 a limitation on K.S.A. 2013 Supp. 60-455(d).

This reading is reinforced by our Supreme Court's observation in *Prine II* that K.S.A. 2009 Supp. 60-455(d) was patterned after Federal Rules of Evidence 413 and 414 which combine to form an exception to the propensity rule in sex offense cases in federal court. 297 Kan. at 476. Federal Rules 413 and 414 are not subject to Federal Rule 404(a), the rule regulating the admission of character evidence—the equivalent to K.S.A. 60-447. See *United States v. Grigsby*, 272 Fed. Appx. 738, 739 (10th Cir. 2008) (unpublished opinion) (citing *United States v. Benally*, 500 F.3d 1085, 1089 [10th Cir. 2007]).

The record reflects Bowen's trial counsel did not object to the evidence of prior bad acts as being impermissible character evidence under K.S.A. 60-447. Based on our reading of the plain meaning of K.S.A. 2013 Supp. 60-455(d), he had no reason to make such objection. Bowen's counsel acted well within the range of reasonable professional assistance and, in fact, provided effective assistance in arguing for and securing limitations on the introduction and effectiveness of the State's K.S.A. 2013 Supp. 60-455(d) evidence.

6

Since we find that no error occurred, we need not address Bowen's assertions that counsel's failure to object prejudiced his case. The judgment of the district court denying Bowen's K.S.A. 60-1507 motion is affirmed.

Affirmed.