**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOSEPH M. CUSTODIO,

        Defendant-Appellant.

Nos. 97-1113 & 97-1135

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 93-CR-57-Z)**

---

Submitted on the briefs:

Joseph M. Custodio, pro se.

Henry L. Solano, United States Attorney, Stacey Ross Goh, Assistant U.S. Attorney, Denver, Colorado, for Plaintiffs-Appellees.

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

In No. 97-1113, defendant appeals from the district court's February 21, 1997 order denying his motion for new trial under Fed. R. Crim. P. 33 and determining that his motion for leave to proceed in forma pauperis was moot. In No. 97-1135, defendant appeals from the district court's March 26, 1997 order denying his motion to vacate its previous order denying his motion for new trial, and his motion for leave to proceed in forma pauperis on appeal. Defendant is representing himself on appeal and has moved this court for leave to proceed in forma pauperis under 28 U.S.C. § 1915. Because this is a criminal case, § 1915 does not apply. We exercise jurisdiction under 28 U.S.C. § 1291, deny defendant's motion for leave to proceed in forma pauperis on appeal as moot, and affirm.[1]

Defendant, a physician, was convicted of eighteen counts of submitting false claims to the United States under 18 U.S.C. § 287. Judgment was entered against him on October 15, 1993. We affirmed his conviction on appeal, see United States v. Custodio, 39 F.3d 1121 (10th Cir. 1994), issuing our mandate on November 30, 1994.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Nearly two years later, on November 8, 1996, defendant moved the district court for a new trial pursuant to Fed. R. Crim. P. 33. In that motion, defendant alleged "intentional prosecutorial misconduct and the suppression of material evidence." I R., doc. 3, at 3. He claimed the government had improperly failed to inform the court that two of its witnesses had perjured themselves. See id. at 4 & attached trial transcript excerpts. He did not specify what material evidence the government allegedly had suppressed. The district court held in its February 21, 1997 order that defendant's November 8, 1996 motion was untimely because it was filed more than two years after judgment was entered on October 15, 1993. See id. doc. 7, at 2. However, the district court also ruled on the merits that defendant had "failed to provide the [district court] with any evidence suggesting that even if the motion were timely, the interests of justice would be served by granting [him] a new trial." Id.

On March 14, 1997, defendant filed a supplement to his motion for new trial, attaching documents in support of a more specific allegation that the government wrongfully had suppressed exculpatory and impeachment material. In addition, defendant raised new allegations that the government had used tampered evidence to secure the conviction on count one and had deceived the jury with respect to count fourteen. See id. doc. 8 at 6-7. Defendant also filed motions to vacate order and for leave to proceed in forma pauperis on appeal.

In its March 26, 1997 order, the district court denied defendant leave to proceed in forma pauperis on appeal, holding that his appeal was "frivolous, [was] not taken in good faith, and [did] not present a substantial question." Id. doc. 12, at 1. The court denied defendant's motion to vacate order without discussion. See id. at 2.

In his opening brief on appeal, defendant argues that the district court erred: (1) in holding that his November 8, 1996 motion for new trial was untimely; (2) in failing to hold an evidentiary hearing on that motion; and (3) in denying him leave to proceed in forma pauperis on appeal. In his reply brief, defendant adds that: (4) the supplement to his motion for new trial was timely filed; (5) his original motion for new trial provided proof that the government failed to advise the court that it had used perjured testimony and false and misleading evidence; and (6) he should not be deemed to have waived any issues because he is indigent and representing himself.

"'The [trial] court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice.'" United States v. Patterson, 41 F.3d 577, 579 (10th Cir. 1994) (quoting Fed. R. Crim. P. 33). A motion for new trial under Fed. R. Crim. P. 33 "is not regarded with favor and should be granted only with great caution, being addressed to the sound discretion of the trial court." United States v. Stevens, 978 F.2d 565, 570 (10th Cir 1992)

(quotation omitted). We therefore review the district court's denial of defendant's motions for abuse of discretion. See id.

The government concedes that the district court erred in holding in its February 21, 1997 order that defendant's original motion for new trial was untimely. When an appeal is taken in a criminal case, the two-year time period for filing a motion for new trial under Fed. R. Crim. P. 33 runs from the date of the appellate court's mandate, not the district court's entry of judgment. See Casias v. United States, 337 F.2d 354, 356 (10th Cir. 1964); see also United States v. Dayton, 981 F.2d 1200, 1202 (11th Cir. 1993). Our mandate in defendant's criminal appeal issued on November 30, 1994, making his November 8, 1996 motion for new trial timely.

However, a defendant may not add new arguments in support of a motion for new trial by including them in an amendment filed after the time under Rule 33 has expired. See Anthony v. United States, 667 F.2d 870, 875-76 (10th Cir. 1981). Because defendant's supplement was filed on March 14, 1997, well over two years after our mandate issued affirming his conviction, all new allegations raised in it were untimely and the district court properly rejected them without discussion in its March 26, 1997 order.

Defendant's other arguments are without merit. His original motion for new trial was inadequately supported.

Defendant's motion to complete the record is DENIED. Defendant's motion for leave to proceed in forma pauperis on appeal is DENIED as MOOT. For the specific reasons set forth above, the judgment of the United States District Court for the District of Colorado is AFFIRMED.