[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

Nos. 02-15631 & 03-14197

————————————————

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2004
THOMAS  K. KAHN
CLERK**

D. C. Docket No. 98-6006-CR-GOLD


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

ALEJANDRO CORREA,
a.k.a. Alex Correa,
a.k.a. Alex Alvarez,

                                        Defendant-Appellant.


————————————————

Appeals from the United States District Court
for the Southern District of Florida

————————————————

**(March 19, 2004)**


Before BLACK, BARKETT and MAGILL[*], Circuit Judges.

BLACK, Circuit Judge:

_____

[*] Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

We are asked to consider whether Federal Rule of Criminal Procedure 33's time limits on filing, as amended in 1998, apply to Appellant's motions for new trial where he was convicted fewer than two months before the amended rule became effective. In this case, application of the amended rule is both (1) just and practicable, and (2) nonviolative of the Ex Post Facto Clause. We hold the amended rule does apply retroactively in this case. The Appellant failed to file his motions within the time limits set out in amended Rule 33. We therefore hold the district court did not err when it dismissed them.

## I. BACKGROUND

Defendant-Appellant Alejandro Correa was convicted by a jury of (1) conspiring to import cocaine into the United States, in violation of 21 U.S.C. § 963; and (2) conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The guilty verdict was entered on October 7, 1998.

Beginning in December of 2001—i.e., more than three years after his guilty verdict was entered—Correa filed an assortment of motions in which he sought to obtain a new trial.[1] Such motions are governed by Federal Rule of Criminal

---

[1] This case has a convoluted procedural history. Correa has been represented by at least eight attorneys, all of whom have filed various motions. Additionally, Correa has filed multiple pro se motions himself. As this procedural history is not relevant to this appeal, we refrain from cataloguing it in greater detail.

Procedure 33, which was amended effective December 1, 1998. Supreme Court Order of Apr. 24, 1998, 523 U.S. 1229 [hereinafter Order]. Since Correa was convicted before the amendment became effective, the issue that faced the district court, and faces us today, is whether the old or the amended version of Rule 33 applied.

A.    *Old Rule 33 and Amended Rule 33 Compared*

With respect to motions for new trial based on grounds other than newly discovered evidence, there is no difference between the old and the amended rule. Both require that all such motions be made within seven days after the verdict. *See* Fed. R. Crim. P. 33 (1998); Fed. R. Crim. P. 33(b)(2) (2003) (incorporating the 1998 Amendments).

The old and the amended rule differ, however, with respect to motions grounded on newly discovered evidence. The old rule requires that such motions be made "within two years after *final judgment*." Fed. R. Crim. P. 33 (1998) (emphasis added). In contrast, the amended rule relies on the *date of the verdict* as the triggering event and extends the relevant timeframe to three years. *See* Fed. R. Crim. P. 33(b)(1) (2003) ("Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.").

B.      *The District Court's Application of Rule 33*

The district court first found that none of Correa's motions for new trial were filed within seven days of the guilty verdict.  Accordingly, it denied them as untimely to the extent they were grounded on anything but newly discovered evidence.

To the extent the motions *were* grounded on newly discovered evidence, the district court concluded amended Rule 33 applied and denied the motions as untimely because they were not filed within three years of the guilty verdict.  *See* Fed. R. Crim. P. 33(b)(1) (2003).

Correa now appeals, arguing that the district court erred in applying amended Rule 33.  We disagree.

## II.  STANDARD OF REVIEW

The timeliness of a motion for new trial is a jurisdictional question.  *United States v. Bramlett*, 116 F.3d 1403, 1405 (11th Cir. 1997).  As such, the issue presented is a question of law, and we review de novo.  *See Sea-Land Serv., Inc. v. Sellan*, 231 F.3d 848, 851 (11th Cir. 2000).

## III.  DISCUSSION

We affirm the district court's finding that Correa's motions for new trial were untimely to the extent that they were grounded on anything but newly discovered evidence.  Clearly, none of these motions were filed within seven days after the guilty verdict as required by both the old and the amended versions of Rule 33.  *See supra* Part I.A.

Assuming that Correa's motions did, in fact, also contain newly discovered evidence, the issue becomes whether the district court erred when it applied amended Rule 33.

Amended Rule 33 may be applied retroactively if doing so is (1) just and practicable, *see* Order, *supra*, and (2) not violative of the Ex Post Facto Clause.

A.     *Just and Practicable*

Amended Rule 33 became effective on December 1, 1998.  Order, *supra*.  It "govern[s] all proceedings in criminal cases thereafter commenced, and, insofar as *just and practicable*, all proceedings in criminal cases then pending." *Id.* (emphasis added).

Only two Circuits have addressed in published opinions whether application of the amended rule to a pending criminal case like Correa's is just and practicable.  *See United States v. Ristovski*, 312 F.3d 206, 212 (6th Cir. 2002);

*United States v. Bowler*, 252 F.3d 741, 746 (5th Cir. 2001). In *Ristovski*, the Sixth Circuit held that application of the amended rule was just and practicable where the defendant had 19 months after the amended rule became effective in which he could have filed a motion for new trial. 312 F.3d at 212. In contrast, the Fifth Circuit reached the opposite result in *Bowler* because, under amended Rule 33, the defendant would have been required to file his motion for new trial more than five months *before* the amended rule became effective. 252 F.3d at 746.

The facts of this case are most like those in *Ristovski*. The *Ristovski* court applied the amended rule to a defendant who had 19 months in which he could have filed a motion for new trial after the amended rule became effective. Correa had more than 34 months. Similarly, we conclude the application of the amended rule is just and practicable in this case where Correa had more than 34 months to file his motion after the amended rule became effective.

B.      *Ex Post Facto*

The only remaining issue is whether retroactive application of amended Rule 33 violates the Ex Post Facto Clause, which provides that "[n]o . . . ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3; s*ee also United States v. Grimes*, 142 F.3d 1342, 1350 (11th Cir. 1998) ("[A]pplication of amended statutes to crimes committed before the amendment is suspect and must be carefully

scrutinized."). "A law violates the Ex Post Facto Clause only if it 'retroactively alters the definition of crimes or increases the punishment for criminal acts.'" *United States v. Saucedo-Patino*, 11th Cir., 2004, __ F.3d __ (No. 03-10946, Jan. 27, 2004) (quoting *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 504–05, 115 S. Ct. 1597, 1601 (1995)) (citation and internal quotation marks omitted).

The only Circuit that has considered this issue in a published opinion is the Sixth Circuit, and we agree with it that the Ex Post Facto Clause is not violated here. *See Ristovski*, 312 F.3d at 212–213. In this case, changing the rule that determines whether a motion for new trial is timely does not retroactively alter the definition of Correa's crimes. Nor does it increase the punishment for any underlying criminal act. Accordingly, we hold that applying amended Rule 33 retroactively does not violate the Ex Post Facto Clause.

C.    *Application of Amended Rule 33*

Correa was convicted on October 7, 1998. He did not file the first of the subject motions for new trial based on newly discovered evidence until December of 2001. He therefore failed to file his motions within three years as required by amended Rule 33. *See* Fed. R. Crim. P. 33(b)(1) (2003). Accordingly, we hold that the district court did not err when it denied Correa's motions for new trial as untimely. Moreover, given that Rule 33's time limits are jurisdictional, *see United*

7

*States v. Renick*, 273 F.3d 1009, 1019 (11th Cir. 2001), the district court did not

err when it dismissed the motions without reaching their merits.[2]

## IV.  CONCLUSION

Applying amended Rule 33 retroactively in this case is both (1) just and

practicable, and (2) nonviolative of the Ex Post Facto Clause.  Correa failed to file

his motions for new trial within either of the specified time frames set out in

amended Rule 33—i.e., within three years after the verdict for newly discovered

evidence, and within seven days after the verdict for all other grounds.  The

district court therefore did not err when it dismissed his motions for new trial as

untimely.

AFFIRMED.

---

[2] We reject the remainder of Correa's arguments without further discussion.