[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-14070
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 97-00067-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR RENE ANGULO,
a.k.a. Victor Angolo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 16, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Victor Rene Angulo, proceeding pro se, appeals the district court's denial of

his motion to supplement his Fed. R. Crim. P. 33 motion for a new trial. The

timeliness of a motion for a new trial is a jurisdictional question, and we review <u>de novo</u> whether the district court had jurisdiction to consider the defendant's claims. <u>United States v. Correa</u>, 362 F.3d 1306, 1308 (11th Cir. 2004). After thorough review of the record, as well as careful consideration of the parties' briefs, we affirm.

The procedural facts relevant to our jurisdictional analysis are straightforward. Angulo was convicted of conspiracy to import cocaine on April 19, 1999 and filed his Rule 33 motion on April 17, 2002. On July 29, 2002, Angulo filed a motion to supplement his Rule 33 motion, seeking to present newly discovered evidence. In his motion to supplement, Angulo argued that the newly discovered evidence should be allowed because it related back to the original Rule 33 motion. The district court disagreed, finding that because the Rule 33 motion was not based on newly discovered evidence, Angulo could not present such evidence by moving to supplement the original motion, over three months after the 3-year time period for filing a Rule 33 motion had expired.[1]

The Federal Rules of Criminal Procedure state that any motion for a new trial based on newly discovered evidence must be filed within three years after the verdict or finding of guilt. Fed. R. Crim. P. 33(b)(1). The date of the verdict -- in Angulo's

---

[1] Angulo does not assert on appeal that the district court erred in denying his original motion for a new trial. Accordingly, he abandoned this issue. <u>United States v Nealy</u>, 232 F.3d 825, 830-831 (11th Cir. 2000) (issues not raised on appeal are deemed waived).

case, April 19, 1999 -- is the triggering date for the 3-year period. Correa, 362 F.3d at 1308. In a procedural stance analogous to the one facing the district court here, we considered whether, after denying the defendant's original motion for a new trial, the district court had the power to construe a motion for reconsideration, filed after the Rule 33 time period ended, as a "renewed motion for a new trial that somehow related back to his timely filing." United States v. Bramlett, 116 F.3d 1403, 1405-1406 (11th Cir. 1997). We ruled that motions filed outside the Rule 33 time period are untimely, and that the district court lacks jurisdiction to enter an order enlarging the time period in which the defendant can file such a motion. Id. at 1406.

In addition to the analogous case of Bramlett, we note that the Tenth Circuit has rejected Angulo's very argument, that an untimely motion to supplement a timely Rule 33 motion should be permitted where the motion to supplement "relates back" to the original motion. See United States v. Custodio, 141 F.3d 965 (10th Cir. 1988). In Custodio, the Tenth Circuit affirmed the district court's rejection of the defendant's supplement as untimely, stating that "a defendant may not add new arguments in support of a motion for new trial by including them in an amendment filed after the time under Rule 33 has expired." Id.

Here, the 3-year time period for filing Rule 33 motions based on newly discovered evidence expired on April 19, 2002, which was before Angulo filed his

motion to supplement. Based on the plain language of Rule 33, our decision in

Bramlett, and the persuasive authority of Custodio, we conclude that the district court

did not err in finding that Angulo's motion to supplement was untimely and it lacked

jurisdiction to consider the motion's merits. Accordingly, we affirm its decision.[2]

**AFFIRMED.**

---

[2] In light of our disposition, we are unpersuaded by Angulo's due diligence argument. Moreover, we deny Angulo leave to file an "informative supplemental Motion to his pending Rule 33 Motion." Any such motion would be untimely because it would be filed after expiration of the time period for filing Rule 33 motions. Thus, such a motion is not necessary, "in the interest of justice," as Angulo argues. United States v. Renick, 273 F.3d 1009, 1019 (11th Cir. 2001) ("a district court is without jurisdiction to grant a new trial using the 'in the interest of justice' standard unless the motion is [timely] filed . . .").

4