[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10964
Non-Argument Calendar

_____

D. C. Docket No. 94-00146-CR-T-17-A

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE FIELDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Jimmy Lee Fields, proceeding pro se, appeals the district court's denial of

his Federal Rule of Criminal Procedure 33 motion for a new trial, filed over ten years after the jury convicted him in 1995 on drug charges. After review, we affirm.

A district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Motions for new trial based on newly discovered evidence must be filed within three years of a guilty verdict, while motions based on any other grounds must be filed within seven days of a guilty verdict. Fed. R. Crim. P. 33(b)(1), (2).[1]

Fields's Rule 33 motion is based on allegedly newly discovered evidence and had to be filed in 1998, within three years of the 1995 guilty verdict. Thus, Fields's motion filed in 2005 is seven years too late. Given that his motion is far too late, Fields argues on appeal that the government has waived the timeliness issue.

We have previously held that "[t]he timeliness of a motion for new trial is a jurisdictional question," United States v. Correa, 362 F.3d 1306, 1308 (11th Cir. 2004), which would mean waiver could not help Fields. However, the Supreme Court recently clarified that "Rule 33 . . . is a claim-processing rule," not a jurisdictional rule, but "one that is admittedly inflexible because of Rule 45(b)'s

---

[1]We review the denial of a motion for new trial for abuse of discretion. See United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

2

insistent demand for a definite end to proceedings." Eberhart v. United States, 546 U.S. __, __, 126 S. Ct. 403, 407 (2005).  Thus, Rule 33's time limitations may be waived or forfeited.  Id. at __, 126 S. Ct. at 404, 407 (noting that because the government opposed Eberhart's untimely Rule 33 motion on the merits in the district court and raised an untimeliness defense for the first time on appeal, the government forfeited any untimeliness defense).

Based on Eberhart, Fields argues on appeal that the government forfeited the issue of timeliness.  We disagree because the facts in Fields's case are materially different from Eberhart.  In Eberhart, the government had opposed the Rule 33 motion on the merits and never raised the timeliness issue in the district court. After the district court granted the Rule 33 motion, the government raised a timeliness defense for the first time on appeal.

In contrast, here the district court sua sponte denied Fields's motion and never directed the government to file a response to Fields's motion.  Further, the government never filed a response to Fields's motion.  Nothing in Eberhart precludes a sua sponte determination of untimeliness by the district court, especially where Fields's Rule 33 motion was filed ten years after the jury's verdict and was seven years too late.   Accordingly, we affirm the district court's

denial of Fields's Rule 33 motion.[2]

**AFFIRMED.**

---

[2]Prior to 1998, the three-year time period for motions for new trial ran from the "final judgment" rather than the "verdict or finding of guilty." See Fed. R. Crim. P. 33(b)(1) (1998). Under either the current or 1998 version of Rule 33, Fields's motion was untimely under Rule 33(b)(1).