

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2009

# USA v. Pelullo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2680

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Pelullo" (2009). *2009 Decisions*. Paper 2080.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2080

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2680

———————

UNITED STATES OF AMERICA

v.

LEONARD PELULLO,
                    Appellant
(D.C. Crim. No. 94-cr-00276)

———————

No. 06-1002

———————

LEONARD A. PELULLO

v.

UNITED STATES OF AMERICA,
                    Appellant
(D.C. Civil No. 01-cv-00124)

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
District Judge:  The Honorable Dickinson R. Debevoise

———————

Argued:  November 18, 2008

———————

Before:  BARRY, CHAGARES, <u>Circuit Judges</u>, and COHILL, Jr.,[*] <u>District Judge</u>

(Opinion Filed:  January 5, 2009)

Lawrence S. Lustberg, Esq. (Argued)
Gibbons
One Gateway Center
Newark, NJ 07102-5310

<u>Counsel for Appellant/Cross-Appellee</u>


Sabrina G. Comizzoli, Esq. (Argued)
Office of the United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102-0000

<u>Counsel for Appellee/Cross-Appellant</u>

OPINION

BARRY, <u>Circuit Judge</u>.

Defendant Leonard Pelullo appeals from the District Court's May 18, 2005 order, which reinstated the judgment of sentence imposed on December 8, 1997.  The government cross-appeals from the Court's partial grant of his 28 U.S.C. § 2255 petition, which vacated an earlier order that had amended his sentence to include a forfeiture

---

[*]  Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

award.  We will affirm the reinstatement of sentence and will vacate the order which set aside the forfeiture.

## I.

As the District Court noted, "[a] long and tangled history leads to the present proceedings."  (Joint Appendix, "J.A.", at 95.)  Because we write only for the parties, familiarity with the facts is presumed, and we set forth only those facts that are relevant to our analysis.

Pelullo was indicted on December 9, 1994 and, after a six week trial, he was convicted on November 8, 1996 of all 54 counts of the indictment, which charged conspiracy and substantive counts to embezzle funds belonging to an employee benefit plan and to launder the proceeds of that embezzlement.[1]  In addition to returning guilty verdicts on all 54 counts, the jury found that Pelullo was required to forfeit $3,562,897.[2]  On December 8, 1997, the District Court imposed a sentence of, *inter alia*, a term of 210 months of imprisonment and restitution in the amount of $898,688.  The sentence as imposed did not explicitly include an order of forfeiture, nor did the judgment.[3]

_____

[1] A detailed description of the evidence presented at trial is set forth, among other places, in *United States v. Pelullo*, 961 F. Supp. 736 (D. N.J. 1997).

[2] A defendant who is convicted of money laundering must "forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."  18 U.S.C. § 982(a)(1).

[3] The written judgment form included a box marked "Forfeiture" that was left unchecked, and no amount of forfeiture was specified. Both the oral sentence and the written judgment included tangential references to forfeiture.  The District Court set forth

3

The government brought the error to the District Court's attention via a letter dated January 7, 1998, thirty days after the sentence was imposed and judgment entered, and twenty-eight days after Pelullo filed his notice of appeal. The letter was docketed as a motion to amend the judgment, and Pelullo filed a memorandum in opposition. The Court granted the government's motion, and on March 6, 1998 entered an order amending the judgment to include forfeiture in the amount of $3,562,897.

On direct appeal, we affirmed Pelullo's conviction and sentence. *See United States v. Pelullo*, 185 F.3d 863 (3d Cir. 1999) (table decision) ("*Pelullo I*"). In that appeal, Pelullo and the government briefed the issue of whether the judgment had been properly amended, and we summarily addressed the matter, stating: "[u]pon review of the briefs and the record, we conclude that Pelullo's remaining claims . . . [including] that the District Court committed various sentencing errors [] are without merit and do not require discussion." (J.A. at 153.) The Supreme Court denied certiorari on January 10, 2000. *Pelullo v. United States,* 528 U.S. 1081 (2000). The judgment of conviction and sentence was thereby rendered final.

On November 4, 1999, Pelullo filed a series of motions for a new trial pursuant to Federal Rule of Criminal Procedure 33. He argued that the government failed to disclose

---

the reasoning supporting its sentence in a document entitled "Rider A," which was attached to the formal judgment and read into the record at sentencing. "Rider A" specifically addressed Pelullo's ability to pay restitution, which was regarded as marginal because "[h]e is subject to an order of forfeiture in this case." (J.A. at 11.) No additional details, such as the amount of the forfeiture awarded by the jury, were included.

material exculpatory evidence at the time of trial, in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), thus rendering his conviction constitutionally infirm. On January 9, 2001, he filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. His § 2255 petition contended, *inter alia*, that the District Court improperly amended the judgment when it added the forfeiture provision. After consolidating the new trial motions and the § 2255 petition, the Court granted a new trial, concluding that the government had, indeed, failed to disclose *Brady* material.[4]

On January 12, 2005, the Supreme Court decided *United States v. Booker,* 543 U.S. 220 (2005), and held that the United States Sentencing Guidelines must, under the Sixth Amendment, be viewed as merely advisory.[5] Just six weeks later, on February 25, 2005, and with full knowledge of *Booker*, we reversed the District Court's grant of a new

---

[4] The District Court addressed (and dismissed) only one of Pelullo's § 2255 arguments – that the Court improperly instructed the jury – and noted that it was unnecessary to address Pelullo's argument as to forfeiture given that a new trial had been ordered.

[5] Shortly thereafter, the Clerk of this Court informed Pelullo—and all other defendants on direct appeal or collateral review—that if he wished to challenge his sentence under *Booker* he must so inform the Court by letter within twenty days. Pelullo did so, and requested briefing on the issue. We denied that request by order dated March 14, 2005. The order stated, in relevant part:

> [W]e direct that all sentencing matters pertaining to *Booker*, including whether *Booker* applies to a case on collateral review, such as this case, be brought before the District Court in the first instance. We express no opinion as to the applicability or retroactivity of *Booker*, or any other related issues."

(J.A. at 30.)

5

trial and "direct[ed] the District Court to reinstate the judgment of Pelullo's conviction and sentence," *United States v. Pelullo*, 399 F.3d 197, 201-02 (3d Cir. 2005) ("*Pelullo II*"). We affirmed the partial dismissal of the § 2255 petition and remanded the remaining issues raised in the petition for consideration by the District Court.

On May 18, 2005, the District Court, doing what we had instructed it to do, reinstated the final judgment of conviction and sentence. The Court believed that the judgment became final on January 10, 2000 and, thus, that the post-*Booker* sentencing scheme did not apply to Pelullo.[6] The Court also considered what remained undecided in the § 2255 petition, and granted the petition in one respect: it found that it had been without jurisdiction to enter the order amending the judgment to impose forfeiture. The Court noted that "the omission of a forfeiture provision is not a clerical error," and that it lacked the ability to amend the judgment of sentence 30 days after judgment had been entered. (J.A. at 113.)

## II.

We have jurisdiction over Pelullo's challenge to his sentence pursuant to 18 U.S.C. § 3742(a), and jurisdiction over the government's cross-appeal pursuant to 28 U.S.C. § 2253.

---

[6] The District Court concluded that Pelullo's Rule 33 motion was a collateral attack on his conviction and sentence, and that "[f]or retroactivity purposes, defendant's case became final on January 10, 2000, when the Supreme Court denied certiorari." (J.A. at 98.)

## III.

**A.** *Pelullo's Sentencing Appeal.*

Pelullo describes what is before us as *sui generis* and notes that the factual situation is one of a kind. The government does not disagree. Indeed, neither party has suggested that there is any case on point, and none has been located by us. Pelullo's argument, in broad summary, goes something like this: On January 12, 2005, when *Booker* was decided, Pelullo was not under a sentence of imprisonment — his original sentence had been vacated on May 17, 2002, when the District Court granted his motion for a new trial. Because we reversed the grant of a new trial subsequent to the decision in *Booker*, Pelullo contends that he was entitled to be resentenced and that that resentencing should be in accordance with *Booker*.

At first blush — and, much credit to the superb and creative defense lawyering, even at second blush — Pelullo's argument seems to make sense. After all, when Pelullo stood before the District Court on May 18, 2005, he was arguably under no sentence and the sentence that we directed be reinstated had been calculated pursuant to the then-mandatory Guidelines which became advisory as to sentences imposed after *Booker*. So why, Pelullo asks, should not the advisory Guidelines be applied to him?

The answer, at the end of the day, is really quite simple. Prior to the District Court's order granting Pelullo a new trial, his conviction and sentence were final, having become so when the Supreme Court denied certiorari. When, in *Pelullo II*, we reversed

7

the order granting a new trial, our reversal essentially rendered that order void *ab initio* such that Pelullo was in the same position as if the order had never been entered and the conviction and sentence never vacated. *See CGB Occupational Therapy, Inc. v. RNA Health Services, Inc.*, 499 F.3d 184, 190 n.2 (3d Cir. 2007) (quoting 5 C.J.S. *Appeal and Error* § 1106 (2007)) ("the effect of a reversal of a judgment 'is to nullify it completely and leave the case standing as if such judgment had never been rendered . . . .'").[7] Viewing Pelullo's case through this prism, there is no question that the original (and long final) judgment of sentence was properly reinstated (assuming that reinstatement was even required), and that *Booker* did not apply. *See Lloyd v. United States*, 407 F.3d 608, 611-12 (3d Cir. 2005) (*Booker* does not apply retroactively to sentences that were final).

**B.  *Government's Cross-Appeal.***

The government asserts, correctly, that on direct appeal Pelullo challenged the propriety of the order amending his judgment of sentence to include forfeiture. We rejected his argument and affirmed the judgment of sentence, a decision that was binding on the District Court. Absent circumstances not present here, Pelullo's § 2255 petition could not "be used to relitigate matters decided adversely on appeal." *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see White v. United States*, 371

---

[7] *See also* 5 C.J.S. *Appeal and Error* § 1106 (2007) ("the effect of a general and unqualified reversal of judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered, except as restricted by the opinion of the appellate court").

F.3d 900, 902 (7th Cir. 2004) (invoking "doctrine of law of the case" and holding that "the courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal").

Even were our decision on direct appeal not binding, the District Court could properly have corrected the sentence under Federal Rule of Criminal Procedure 36 as interpreted in *United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005), and, indeed, initially did just that. Rule 36 provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record or correct an error in the record arising from oversight or omission.

Fed.R.Crim.P. 36. "Clerical error" is defined as "a failure to accurately record a statement or action by the court or one of the parties." *Bennett*, 423 F.3d at 278 (citations omitted). We noted in *Bennett* that "most courts that have reached the issue have allowed Rule 36 amendment to add an obviously warranted order of forfeiture." *Id.* at 279. Our review is plenary.

It could not be clearer that the order of forfeiture was "obviously warrranted" and, thus, that correction of the judgment was appropriate:

BY THE CLERK:

Q. Would the foreperson please stand. Have you reached a verdict on the forfeiture?

A. (The Foreperson) Yes, we have, and the amount is $3,562,897.

\* \* \*

9

> THE COURT: All right. Judgment will be entered in accordance with the verdict.

(J.A. at 197.) Where "as here, there is no dispute about notice to the defendant, the court's intent, or the propriety of the result," and where a jury has reached an unchallenged verdict as to the amount of forfeiture, the "omission of forfeiture in the final sentence is . . . tantamount to a mere clerical error." *Bennett*, 423 F.3d at 282. The District Court's initial order correcting the sentence to include forfeiture in the amount of $3,562.897 was proper, and it erred in vacating that order.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence, entered on May 18, 2005. We will vacate the Court's order entered on November 1, 2005 and remand for entry of an order correcting the judgment of sentence to include forfeiture in the amount of $3,562,897.