**Leonard A. PELULLO, Appellant**

v.

**UNITED STATES of America.**

**United States of America**

v.

**Leonard A. Pelullo, Appellant.**

**Nos. 08–4343, 09–1882.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and For a Decision on the

Issuance of a Certificate of Appealability Nov. 13, 2009.

Opinion filed: Nov. 19, 2009.

Norman Gross, Esq., Office of United States Attorney, Camden, NJ, George S. Leone, Esq., Leslie F. Schwartz, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

On November 8, 1996, a federal jury found Leonard Pelullo guilty of numerous charges of money laundering, conspiracy, and embezzlement of about $4.1 million dollars from the employee benefit plans belonging to the Compton Press Inc. Although the jury determined that Pelullo should forfeit $3,562,897, the District Court did not include an order of forfeiture in the sentence (210 months plus restitution) or judgment (the judgment was later amended to add the forfeiture). Pelullo appealed; we affirmed. *United States v. Pelullo*, 185 F.3d 863 (3d Cir.1999) (table), *cert. denied*, 528 U.S. 1096, 120 S.Ct. 838, 145 L.Ed.2d 704 (2000) (referred to as *"Pelullo I "*).

The subsequent procedural history spanning a decade of litigation is well known to the parties and is fully set forth in the District Court Opinion. We will summarize the facts pertinent to this appeal. In *United States v. Pelullo*, 399 F.3d 197 (3d Cir.2005) (*"Pelullo II "*), we reversed the District Court's order granting a new trial on one of two claims Pelullo raised in a motion filed in 1999 pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] We affirmed the District Court's denial of relief under 28 U.S.C. § 2255 on two of four claims raised in Pelullo's motion to vacate. We remanded the matter with

Leonard A. Pelullo, White Deer, PA, pro se.

---

1. The reversed claim alleged a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

directions to reinstate Pelullo's conviction and sentence and to consider the unaddressed § 2255 claims. Pelullo's Rule 33 newly discovered evidence claim, on which the District Court had deferred consideration, remained outstanding.

On remand, the District Court reinstated the final judgment and conviction. Among other determinations not relevant here, the District Court granted § 2255 relief and vacated its order amending the judgment to impose forfeiture because it lacked jurisdiction to enter such an order.[2] (*See Pelullo v. United States,* Civ. A. No. 01-00124, Slip. Op., Oct. 20, 2005, at 10–21). In 2008, we affirmed the reinstated sentence, vacated the District Court's order regarding forfeiture, and remanded for entry of an order adding forfeiture to the sentence. *United States v. Pelullo,* 305 Fed.Appx. 823, 827–28 (3d Cir.2008), *cert. denied, Pelullo v. United States,* — U.S. —, 130 S.Ct. 64, 175 L.Ed.2d 48 (2009). On remand, the District Court corrected the judgment of conviction and sentence to include forfeiture in the amount of $3,562,897, pursuant to our mandate. Pelullo filed a timely appeal, docketed as C.A. No. 09-1882.[3]

In March 2007, Pelullo filed a second Rule 33 motion, raising an ineffectiveness of counsel claim. He also filed a request to supplement his original Rule 33 motion with two "newly discovered" letters, from Michael Rich, Esq. to Fred Schwartz, dated June 20, 1991, and from Schwartz to Rich, dated July 25, 1991 ("the Rich letters") and sought the District Court's decision on the outstanding newly discovered evidence claim raised in his original Rule 33 motion. In addition to pursuing Rule 33 relief, Pelullo filed a Rule 60(b) motion in which he claimed that new evidence of FBI 302 interviews and other material depicting the corrupt activities of a Government informant, Thomas Giacomaro, and Special Agent Mount called into question the correctness of the District Court's 2004 order denying Pelullo's motion to supplement the record,[4] and unfairly influenced our decision in *Pelullo II,* reversing the District Court's grant of relief on his *Brady* claim. He also contended that the new evidence established that the Government had perpetrated a fraud on the court. For relief he sought an order vacating the District Court's 2004 order and its 2005 order reinstating his judgment and conviction.

On October 14, 2008, the District Court disposed of the Rule 33 and Rule 60(b) motions. The District Court dismissed as untimely Pelullo's Rule 33 motion to add a new ineffectiveness of counsel claim and his request to supplement the 1999 Rule 33 motion with the Rich letters. (D. Ct. Op. at 47–48.) The District Court denied the outstanding 1999 Rule 33 claim on its merits. (*Id.* at 54–58.) Additionally, the Dis-

---

**2.** The court also denied the previously unaddressed § 2255 claims and Pelullo's motion to add a new § 2255 ineffectiveness of counsel claim. In 2007, we denied Pelullo's request for a certificate of appealability as to the rejected § 2255 claims. C.A. No. 05–5458 (3d Cir. April 25, 2007).

**3.** We will summarily affirm Pelullo's appeal in C.A. No. 09–1882. We discern no error in the District Court's order correcting the judgment to include forfeiture, which was entered in full accordance with our mandate. *See Pardini v. Allegheny Intermediate Unit,* 524 F.3d 419, 423 (3d Cir.2008) (noting that the

trial court must proceed in accordance with the mandate and the law of the case as established on appeal).

**4.** In 2003, during the pendency of the appeal in *Pelullo II,* Pelullo filed a motion to expand the appellate record with over 25 exhibits of alleged *Brady* materials. We remanded for the District Court's consideration. The District Court denied the motion after an evidentiary hearing. *See United States v. Pelullo,* Crim. A. No. 94–00276, Slip. Op. at 16 & 22 (D.N.J. Jan. 4, 2004).

trict Court dismissed Pelullo's 60(b) motion for lack of jurisdiction, holding that, to the extent that he challenged the underlying conviction and sentence, the motion constituted an unauthorized second or successive § 2255 motion. (*Id.* at 48–54.) The District Court also denied Pelullo's Rule 60(b) claim to the extent that it alleged a fraud on the court.[5] (*Id.* at 52.) Pelullo filed a motion for reconsideration, which the District Court denied on March 10, 2009. Pelullo filed a timely appeal on March 23, 2009, docketed as C.A. No. 08–4343.

We have jurisdiction over these consolidated appeals pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Pelullo's submissions on appeal, we conclude that no substantial question is presented on appeal and that summary action is warranted with respect to the District Court's orders denying his 1999 and 2007 Rule 33 motions, its denial of Pelullo's Rule 60(b) motion alleging a fraud on the court, and its order correcting the judgment to include forfeiture. *See* LAR 27.4 and I.O.P. 10.6. We decline to issue a certificate of appealability as to the District Court's dismissal of Pelullo's Rule 60(b) motion because Pelullo failed to meet the applicable standard.

## I.

### Summary Affirmance

█ We turn first to the denial of Pelullo's 2007 Rule 33 motion to add an ineffective assistance of counsel claim and his request to supplement the original new trial motion with the Rich letters. Motions for new trial based on newly discovered evidence "must be filed within 3 years

after the verdict or finding of guilty." *See* Fed.R.Crim.P. 33(b)(1). Otherwise, new trial motions "must be filed within 7 days after the verdict or finding of guilty." *Id.* 33(b)(2). First, we seriously doubt that the evidence presented in both Pelullo's motion and supplement request qualifies as newly discovered evidence under Rule 33(b)(1). Because his claim of ineffective assistance of counsel is a legal claim, separate from and unrelated to the issues at trial, it is not newly discovered evidence for Rule 33 purposes. *See United States v. DeRewal,* 10 F.3d 100, 104–05 (3d Cir. 1993). As for the Rich letters, although Pelullo acknowledged that the DOL produced the letters in response to his FOIA requests, he failed to specify exactly when he requested them and the date or dates on which the DOL produced them. *See United States v. Herman,* 614 F.2d 369, 371 (3d Cir.1980) (requiring, inter alia, that "new" evidence under Rule 33 must be in fact, newly discovered, in other words discovered since the trial, and facts must be alleged from which the court may infer diligence on the part of the movant).

In any event, even if we assume that the aforementioned evidence is "newly discovered" for Rule 33 purposes, we discern no error in the District Court's denial of relief. Both the motion and the supplement request were filed well beyond three years after the verdict or finding of guilt, which was entered in Pelullo's case in November 1996. *See* Fed.R.Crim.P. 33(b)(1). Thus, neither the motion nor the supplement request was pending when the matter was remanded in 2005 pursuant to our mandate in *Pelullo II.* Because the motion and supplement request were filed almost eight

---

**5.** We will summarily affirm the denial of Pelullo's Rule 60(b) claim of alleged fraud upon the federal court. The District Court did not abuse its discretion in concluding that Pelullo did not produce any evidence pertaining to

the Compton Press case that warranted reopening the proceedings. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 342 (3d Cir.2003) (abuse of discretion standard).

years after expiration of the time period for filing Rule 33(b)(1) motions, the District Court properly dismissed them. *See United States v. Wright*, 363 F.3d 237, 248 (3d Cir.2004) (noting that if a defendant moves for a new trial, a trial judge may not grant a new trial on a ground not raised in the original motion) (internal quotations and citations omitted); *see also United States v. Custodio*, 141 F.3d 965, 966 (10th Cir.1998) ("a defendant may not add new arguments in support of a motion for new trial by including them in an amendment filed after the time under Rule 33 has expired").

■ That leaves the outstanding claim from Pelullo's original Rule 33 motion filed in 1999, alleging that newly discovered documents obtained from the files of two related civil lawsuits demonstrated that key witnesses, Kenneth Falk, Moshe Milstein, and David Hellhake testified falsely at his criminal trial. The "new evidence" consisted of the three documents: (1) the August 1994 declaration of Kenneth Falk (one of Pelullo's business lawyers) (about Milstein's disbursement of funds in the National Media litigation settlement); (2) Falk's 1998 deposition testimony (about Hellhake's role in writing a letter in 1989 answering claims made by former trustees of Compton Press about misuse of funds); and (3) Fred and Murray Schwartz's answers to interrogatories (about Murray Schwartz's sole shareholder interest in Away To Travel, Inc.).

We conclude that the District Court properly denied Pelullo's outstanding Rule 33 claim on the merits. (*See* D. Ct. Op. at 56–58.) We agree that Pelullo did not act with reasonable diligence in procuring Falk's 1994 declaration and that the information contained in Falk's 1998 deposition testimony was not new. Pelullo readily acknowledged that he was aware before his trial of the lawsuit in which Falk made

a declaration in 1994 and subsequent deposition. (*See* Brief in support of 1999 Rule 33 motion, at 2.) Although Pelullo could not have known in 1996 that Falk would testify at a deposition two years later about his involvement in writing the 1989 letter, Pelullo knew or should have known about the letter well before his trial. Most important, Falk was a defense witness at trial. Pelullo had the opportunity to ask Falk both before and at trial about the 1989 letter and he could have questioned Falk about Milstein's role in the National Media litigation settlement.

As for Murray Schwartz's interrogatory response, Pelullo claims that he did not know prior to trial about the lawsuit in which the documents were found. Whether Pelullo was aware of the lawsuit at the time of trial or not, the interrogatory response itself does not constitute the kind of evidence that warrants a new trial. Pelullo's claim ultimately fails as to all of the allegedly new evidence pertaining to Falk, Milstein and Hellhake, because he cannot show that a jury probably would have acquitted him had the evidence been presented at trial. As the District Court correctly determined, "the [trial] evidence on all counts was overwhelming." (D. Ct. Op. at 57.)

## II.

### Certificate of Appealability

Pelullo filed a motion pursuant to Rule 60(b) (which he supplemented), in which he sought an order from the District Court vacating its 2004 order denying Pelullo leave to expand the record in *Pelullo II* and its order reinstating his conviction in 2005, based on new evidence (FBI 302 documents) relating to the corrupt activities of the Government's informant Giacomaro and Special Agent Mount. The District Court correctly concluded that this

motion was an attempt to challenge the underlying conviction and sentence. Accordingly, Pelullo must obtain a certificate of appealability. *See Morris v. Horn,* 187 F.3d 333, 339–40 (3d Cir.1999).

To the extent that he collaterally attacked his reinstated conviction and sentence under Rule 60(b), the motion is a "second or successive" § 2255 motion. *See Pridgen v. Shannon,* 380 F.3d 721, 727 (3d Cir.2004). Absent our prior authorization, the District Court lacked jurisdiction to consider the successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h) and 2244(b); *Robinson v. Johnson,* 313 F.3d 128, 139 (3d Cir.2002). Even if we were to construe the Rule 60(b) motion as an application for authorization to file a second or successive § 2255 motion, we would deny it because Pelullo's claim does not involve newly discovered evidence or a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. §§ 2255(h) and 2244(b). Additionally, for the reasons set forth by the District Court in its thoughtful and comprehensive opinion at pages 30 to 44, Pelullo failed to show that the evidence, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *See* 28 U.S.C. § 2255(h)(1).

Accordingly, we will affirm the judgment of the District Court. Pelullo's request for a certificate of appealability is denied. Pelullo's motions to appoint counsel, to stay briefing, and to stay the appeals and remand the matter to the District Court are denied.