ALD-202                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1614
_____

LEONARD A. PELULLO,
                                              Appellant,
                          v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Nos. 11-cv-06678 and 01-00124; D.C. Crim. No. 94-cr-00276-002)
District Judge: Dickinson R. Debevoise
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2012

Before:   SLOVITER, FISHER and WEIS, <u>Circuit Judges</u>
(Opinion filed: June 26, 2012)
_____

OPINION
_____

PER CURIAM.

        Appellant Leonard Pelullo, a federal prisoner, is currently serving a sentence

imposed by the United States District Court for the District of New Jersey for

embezzlement and money laundering.  We affirmed the judgment of conviction and

sentence in <u>United States v. Pelullo</u>, 185 F.3d 863 (3d Cir. 1999) (table) ("<u>Pelullo I</u>").

1

We described a decade of litigation since then in Pelullo v. United States, 352 Fed. Appx. 620 (3d Cir. 2009), which the instant appeal does not require us to repeat.

On May 17, 2010, Pelullo moved for relief pursuant to Fed. Rule Civ. Pro. 60(b) and (d) on the ground that the Government misrepresented to us in a prior appeal, see United States v. Pelullo, 399 F.3d 197 (3d Cir. 2005), that the Pension & Welfare Benefits Administration ("PWBA") was not a part of the prosecution team. The Government's assertion was in support of its argument that it could not be held responsible for failure to disclose documents that the PWBA possessed that could otherwise be classified as Brady material, Brady v. Maryland, 373 U.S. 83 (1963).[1] This motion was supported by documents Pelullo had recently received pursuant to a request under the Freedom of Information Act.

On July 22, 2011, the District Court disposed of Pelullo's May 17, 2010 Rule 60(b) and (d) motion by determining that it lacked jurisdiction because the motion was, in reality, an unauthorized second or successive section 2255 motion. See United States v. Pelullo, 2011 WL 3022534 (D.N.J. July 22, 2011). The District Court transferred the matter to us for treatment as an application for leave to filed a second or successive section 2255 motion, 28 U.S.C. § 2255(h), resulting in an appeal docketed at C.A. No. 11-3134. Pelullo also appealed this decision, resulting in an appeal docketed at C.A. No.

---

[1] In Pelullo, 399 F.3d 197, we held that there was no suppression by the Government of the warehouse documents, see id. at 216, and that the PWBA as an entity was not part of the prosecution team and thus the prosecution team was not required to disclose documents possessed by PWBA officials, see id. at 216-19. We thus found it unnecessary to decide whether the withheld documents were material and favorable to the defense and whether there was a reasonable probability that the evidence would have changed the result of the proceeding, see id. at 219.

2

11-3222. The two appeals have been consolidated and are currently pending before us. Pelullo is represented by counsel in these appeals.

Rather than awaiting the outcome of the above-referenced appeals, on November 4, 2011, Pelullo filed an item pro se in the district court titled "Motion for the Court to Exercise Its Supervisory Power to Dismiss the Indictment or Grant a New Trial and to Initiate Disbarment Proceedings Against the Prosecutors and Hold Those Prosecutors in Contempt for Violating Courts [sic] Orders." In this motion, Pelullo sought to vacate the District Court's July 22, 2011 Order on the ground that two Assistant United States Attorneys knowingly filed false affidavits in the matter currently on appeal. Pelullo argued that their conduct violated certain criminal statutes, and he also argued that their conduct and the conduct of one other prosecutor violated the New Jersey Rules of Professional Conduct. Pelullo further asked to be released on bail.

In an order entered on January 25, 2012, the District Court denied the motion for lack of jurisdiction and denied the bail application. See United States v. Pelullo, 2012 WL 243538, *5 (D.N.J. January 25, 2012).[2] The District Court further held that, even if jurisdiction was not lacking, Pelullo's claims would not justify relief. See id. at *5-*12. In so holding, the District Court observed that it had the documents upon which Pelullo now relied when it issued its July, 2011 Order, see id. at *3, and that Pelullo's argument concerned only a "handful" of alleged misstatements, see id. at *5.

---

[2] We agree with the District Court that, to the extent Pelullo was seeking to collaterally attack his conviction and sentence, the motion is a second or successive section 2255 motion. Absent our prior authorization, the District Court lacked jurisdiction to consider it. See 28 U.S.C. §§ 2255(h).

3

Pelullo appeals.  We have jurisdiction under 28 U.S.C. § 1291.  Our Clerk advised him that the appeal may warrant summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.  The parties have filed responses which we have considered.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  Our standard of review over questions of law is plenary.  See United States v. Washington, 549 F.3d 905, 911 (3d Cir. 2008).  The District Court properly declined to exercise its supervisory or inherent power to award Pelullo a new trial or to dismiss the indictment. Pelullo may not invoke the court's inherent or supervisory power merely because he cannot meet the gatekeeping requirements for a second or successive section 2255 motion; otherwise, the gatekeeping requirements enacted by Congress would be meaningless.  See United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (procedural barriers erected by AEDPA are insufficient to enable petitioner to resort to coram nobis).  See also United States v. Barrett, 178 F.3d 34, 55 & n.18 (1st Cir. 1999) (All Writs Act does not authorize federal courts to issue ad hoc writs whenever compliance with statutory procedures is inconvenient).  The Supreme Court held in Carlisle v. United States, 517 U.S. 416, 425–28 (1996), that federal courts lack "inherent supervisory power" to enter an untimely judgment of acquittal sua sponte when doing so is in clear contradiction of Federal Rule of Criminal Procedure 29(c), and we held in Washington, 549 F.3d at 914-17, that a federal district court lacks inherent power to vacate a *criminal* judgment procured through fraud.  It necessarily follows that the District Court properly declined to grant the relief Pelullo requested.

4

Although the District Court has inherent authority to discipline attorneys for unprofessional conduct, see In re: Surrick, 338 F.3d 224, 231 (3d Cir. 2003), Pelullo provided no basis for the District Court to do so here, because his claim of fraudulent misrepresentations by the staff of the U.S. Attorney's Office is meritless for the reasons given in the court's thoughtful opinion, Pelullo, 2012 WL 243538, *5-*12 ("Nothing provided by [Pelullo] suggests actual knowledge or deliberate fraud by the government that would justify either an ethics inquiry or some other form of extraordinary intervention by the Court."). Further, as explained by the District Court, bail pending disposition of habeas corpus review is available "only when the petitioner has raised substantial claims upon which he has a high probability of success or exceptional circumstances exist which make a grant of bail necessary to make the habeas remedy effective." Landano v. Rufferty, 970 F.2d 1230, 1239 (3d Cir.1992). Pelullo did not make this showing and thus bail was not warranted.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Pelullo's "Motion for the Court to Exercise Its Supervisory Power to Dismiss the Indictment or Grant a New Trial, etc." as meritless and for lack of jurisdiction.